■ SHAW TEMPLE A.M.E. ZION CHURCH, Respondent, v MOUNT VERNON FIRE INSURANCE COMPANY, Appellant. [605 NYS2d 370] —In an action for a judgment declaring the rights of the parties with respect to an insurance policy, the defen-

dant Mount Vernon Fire Insurance Company appeals from a judgment of the Supreme Court, Suffolk County (Seidell, J.), entered May 8, 1991, which, after a nonjury trial, declared, *inter alia,* that it is obligated to defend and indemnify the plaintiff in an action captioned *Jones v Shaw Temple A.M.E. Zion Church* pending in the Supreme Court, Queens County, under Index No. 16756-89.

Ordered that the judgment is reversed, on the law and the facts, with costs, and it is declared that the appellant, Mount Vernon Fire Insurance Company, has no duty to defend or indemnify the plaintiff with respect to the action captioned *Jones v Shaw Temple A.M.E. Zion Church,* pending in the Supreme Court, Queens County, under Index No. 16756-89.

In October 1987 a parishioner of the plaintiff, Shaw Temple A.M.E. Zion Church, fell and allegedly sustained an injury on church property after attending a funeral service. At the time of the accident, a general liability policy issued by the appellant, Mount Vernon Fire Insurance Company, was in effect. The policy required the insured to give the company *written notice* of an accident "as soon as practicable."

At the nonjury trial, the chair of the plaintiff's board of trustees testified that she had been instructed by the pastor to notify the church's insurance broker immediately after the accident. She did so the next morning by telephoning the broker's office. She was allegedly advised by the broker's employee that the insurance company would be notified.

The appellant did not receive written notice until July 1988 nine months after the accident. At that time, the plaintiff received a letter from the injured parishioner's attorney threatening the commencement of a lawsuit. The letter was immediately given to the broker, who then sent a written notice of claim form to the appellant's authorized agent. The appellant disclaimed coverage on the ground of late notice, and the plaintiff thereafter commenced this declaratory judgment action.

The trial court concluded that the plaintiff had failed to prove that an agency relationship existed between its broker and the appellant. However, the court found that the plaintiff had shown a reasonable excuse and the existence of circumstances which justified the delay in providing written notice to the appellant. Critical in the court's analysis was the fact that a sticker had been attached to the face of the subject policy advising the plaintiff to notify its broker in case of loss. Accordingly, the court declared that the appellant was obli-

gated to defend and indemnify the plaintiff in the action commenced by the injured parishioner. We now reverse.

Essential to the creation of apparent authority are words or conduct of the principal communicated to a third party that give rise to a reasonable belief that the agent has authority to bind the principal. The agent cannot through his acts alone clothe himself with apparent authority (see, Ford v Unity Hosp., 32 NY2d 464, 471). The court properly determined that the plaintiff failed to prove the existence of an agency relationship between its broker and the appellant. There is no evidence that the appellant authorized the placement of the broker's sticker on the policy or in any way empowered the broker to modify the policy's written notice requirement.

Under the circumstances presented here, the broker is deemed the agent of the insured, and notice to the broker cannot be treated as notice to the insurer (see, Security Mut. Ins. Co. v Acker-Fitzsimons Corp., 31 NY2d 436, 442, n 3). Moreover, the policy requires written rather than oral notice. The nine-month delay in providing the written notice required by the policy was unreasonable as a matter of law (see, Elkowitz v Farm Family Mut. Ins. Co., 180 AD2d 711, 712). Accordingly, coverage under the policy was vitiated, and the appellant has no duty to defend or indemnify the plaintiff (see, Security Mut. Ins. Co. v Acker-Fitzsimons Corp., supra, at 440). Mangano, P. J., Sullivan, O'Brien and Ritter, JJ., concur.