■ RAFFAELE MARTINI, Also Known as RAFFAELE PANDOZY, Appellant, v LAFAYETTE STUDIO CORP., Respondent. [651 NYS2d 44] —Order, Supreme Court, New York County (Edward Lehner, J.), entered June 19, 1996, which, *inter alia,* denied plaintiff's motion to amend his complaint to assert causes of action for monetary damages, unanimously reversed, to the extent appealed from, without costs, and plaintiff's motion to amend his complaint is granted in all respects.

While plaintiff's damages claims may be exaggerated, we are mindful of the principle that where the proposed causes of action have merit, leave to amend should be freely given (*see,* CPLR 3025 [b]; *Wieder v Skala,* 168 AD2d 355).

The instant action was commenced in April 1995. Seven months later, plaintiff sought to amend his complaint with claims that more fully articulated the gist of his claims against defendant and others. Plaintiff sought to interpose claims with respect to the propriety of the "work rule" policy, where maintenance fees were reduced for some tenants, and a "sublet" policy, where fees were collected from some tenants and not others, and where plaintiff alleged that discriminatory collection and enforcement of such fees had occurred.

Clearly, plaintiff is entitled to challenge the propriety of fees sought to be collected from him, and the IAS Court properly permitted him to assert such a challenge. If plaintiff is correct that these policies are discriminatory, or improperly enacted, a claim for damages could be established. At the minimum, plaintiff should not be deprived of the opportunity to establish such damage claims, which are necessarily intertwined with and readily flow from the claims for declaratory and injunctive relief that the IAS Court did permit.

Similarly, plaintiff's contention that defendant's conduct is part of a course of conduct which caused him mental anguish is one that he should have the opportunity to establish.

Notably, the issue at this early point of the litigation, where no discovery has taken place, is not whether plaintiff has established his entitlement to monetary damages, but simply

whether he has the right to assert such claims. Plaintiff has supplied sufficient factual support for his proposed amendment. Indeed, the IAS Court found that the amended complaint had sufficient merit but for the monetary damages. However, inasmuch as the monetary aspect of the complaint is intertwined with the rest of the complaint, it should also have been permitted. Concur—Milonas, J. P., Ellerin, Rubin, Kupferman and Nardelli, JJ.