(June 20, 2000)

■ RAFFAELE MARTINI, Also Known as RAFFAELE PANDOZY, et al., Plaintiffs, v LAFAYETTE STUDIO CORP. et al., Defendants and Third-Party Plaintiffs-Respondents-Appellants. FIREMEN'S INSURANCE COMPANY OF WASHINGTON, D.C., Third-Party Defendant-Respondent; ATLANTIC MUTUAL INSURANCE COMPANY et al., Third-Party Defendants-Appellants-Respondents. [710 NYS2d 39] —Order, Supreme Court, New York County (Edward H. Lehner, J.), entered June 24, 1998, which, to the extent appealed from, *inter alia*, granted third-party plaintiffs' motion for summary judgment on their third-party complaint to the extent of declaring that third-party defendant Atlantic Mutual Insurance Company (Atlantic) is obligated to defend and indemnify third-party plaintiffs in the main action, and to the extent of declaring that third-party defendant B&B Coverage, Ltd. (B&B) is liable to third-party plaintiffs for the costs of prosecuting this third-party action, unanimously modified, on the law, to deny third-party plaintiffs' motion for summary judgment, to grant Atlantic's cross motion for summary judgment declaring that Atlantic is not obligated to defend or indemnify third-party plaintiffs in the main action herein, and to grant third-party plaintiffs' motion for summary judgment in their favor against B&B to the extent of declaring B&B liable to bear the costs of defending and indemnifying third-party plaintiffs in the main action to the extent of the coverage Firemen's Insurance Company of Washington, D.C. (Firemen's) would have provided had it been timely notified of the covered claims against third-party plaintiffs in the main action, and otherwise affirmed, without costs. Judgment, same court and

Justice, entered June 25, 1998, declaring that third-party defendant Firemen's Insurance Company of Washington, D.C. is not obligated to defend or indemnify third-party plaintiffs in the main action, and otherwise dismissing the third-party complaint and a cross complaint as against Firemen's, unanimously affirmed, without costs.

Plaintiff, whose original complaint sought only declaratory and injunctive relief, concededly not covered by any relevant insurance, solely against defendant and third-party plaintiff Lafayette Studio Corp., moved in November 1995 to amend the complaint in the main action herein to add the members of Lafayette's board of directors as additional defendants and to assert various causes of action seeking monetary damages against Lafayette and the proposed additional defendants. Lafayette thereupon requested that B&B, its insurance broker, refer the claims sought to be asserted in the proposed amended complaint to "the appropriate insurance carrier," and B&B notified Atlantic, which had issued Lafayette a policy for the period from July 1, 1994 to July 1, 1995, including directors-and-officers coverage applying to claims "first made" during the policy period. Atlantic initially stated that it would provide a defense to Lafayette and the board members, but never assumed control of the defense. In April 1997, after the motion to amend was granted by this Court (see, 234 AD2d 146) and the amended complaint served, Atlantic disclaimed coverage on the ground that the purportedly covered claims asserted in the amended complaint were first made after the expiration of Atlantic's policy period. Firemen's, which had issued Lafayette a policy providing similar coverage for the period from July 1, 1995 to July 1, 1996, received no notice of the claims until April 1997, when the claims were referred to it following Atlantic's disclaimer, whereupon Firemen's disclaimed coverage based on the insureds' failure to notify it of the claims "as soon as practicable," as required by the terms of its policy.

We conclude that the 17-month delay in notifying Firemen's of the relevant claims, from the time plaintiff moved to amend the complaint in November 1995 until April 1997, was unreasonable as a matter of law, therefore vitiating coverage under the terms of the Firemen's policy, and it is no excuse that the delay was caused by the error of the insureds' broker in initially notifying the wrong carrier (see, e.g., Security Mut. Ins. Co. v Acker-Fitzsimons Corp., 31 NY2d 436, 440, 442, n 3; Shaw Temple A.M.E. Zion Church v Mount Vernon Fire Ins. Co., 199 AD2d 374, 376). We disagree that Atlantic's mere statement that it would provide a defense, without more, estops it to deny

coverage, since Lafayette's agent, B&B, unilaterally made the initial determination to look to Atlantic for coverage, without relying on Atlantic in any way, and, since Lafayette did not rely to its detriment on Atlantic by transferring control of its defense to the insurer, the element of detrimental reliance needed to support a claim of estoppel is lacking (see generally, Nassau Trust Co. v Montrose Concrete Prods. Corp., 56 NY2d 175, 184, rearg denied 57 NY2d 674). Lafayette is entitled to recover against B&B all damages caused by B&B's negligent referral of the claim to the wrong insurer, i.e., the costs of defense and indemnity equivalent to what Firemen's would have provided had it been timely notified, and the reasonable costs of prosecuting this third-party action against Atlantic and Firemen's as a reasonable effort to mitigate damages (cf., American Motorists Ins. Co. v Salvatore, 102 AD2d 342, 346). Concur—Rosenberger, J. P., Tom, Ellerin, Andrias and Buckley, JJ. [See, 177 Misc 2d 383.]