■ EAGLE INSURANCE COMPANY, Appellant, v JOSHUA ZUCKERMAN et al., Respondents, and PROGRESSIVE CASUALTY INSURANCE COMPANY, Appellant. [753 NYS2d 128] —In an action, inter alia, for a judgment declaring the rights and obligations of the parties with respect to an insurance policy, the plaintiff Eagle

Insurance Company and the defendant Progressive Casualty Insurance Company separately appeal, as limited by their respective briefs, from so much of an order of the Supreme Court, Nassau County (Burke, J.), dated December 17, 2001, as denied their respective motions for summary judgment declaring that they are not obligated to defend and indemnify the defendant Joshua Zuckerman in an action entitled *Sherry v Zuckerman,* pending in the United States District Court for the District of Connecticut, under Index No. 398-CV-01629.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, the motions are granted, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment declaring that neither the plaintiff Eagle Insurance Company nor the defendant Progressive Casualty Insurance Company is obligated to defend or indemnify the defendant Joshua Zuckerman with respect to the action entitled *Sherry v Zuckerman,* pending in the United States District Court for the District of Connecticut, under Index No. 398-CV-01629.

In June 1996 the defendant Joshua Zuckerman was involved in an automobile accident with Patricia Sherry and Robert F. Sherry. Zuckerman reported the accident to his insurance broker, the defendant James McLean, who in turn notified Zuckerman's insurer, the plaintiff Eagle Insurance Company (hereinafter Eagle). In May 1997 McLean changed Zuckerman's carrier to the defendant Progressive Casualty Insurance Company (hereinafter Progressive). The Progressive policy expired in May 1998.

In August 1998 the Sherrys, residents of Connecticut, commenced an action to recover damages for personal injuries against Zuckerman in the United District Court for the District of Connecticut. Shortly thereafter, a summons was served upon Zuckerman. McLean received the summons and faxed it to Progressive. Progressive investigated the claim. In December 1998 McLean received a motion by the Sherrys to hold Zuckerman in default, and forwarded it to Progressive. In January 1999 Progressive disclaimed coverage, claiming that the policy it previously had with Zuckerman was not in effect at the time of the accident. In June 1999 a judgment was entered against Zuckerman upon his default in appearing or answering. It is undisputed that Eagle did not receive notice of the Sherry action until February 2000.

Eagle instituted this declaratory judgment action to determine the rights and obligations of the parties. Thereafter, Progressive moved and Eagle cross-moved for summary judgment,

each seeking a declaration that it did not have an obligation to defend or indemnify Zuckerman in the underlying action. The Supreme Court denied the motions. Progressive and Eagle separately appeal. We reverse.

Where an insurance policy requires that notice of an occurrence be given promptly, notice must be given within a reasonable time in view of all of the facts and circumstances (*see Merchants Mut. Ins. Co., v Hoffman,* 56 NY2d 799, 801-802; *Travelers Indem. Co. v Worthy,* 281 AD2d 411). Here, while the Eagle policy in effect at the time of the accident required prompt delivery of "any notices or legal papers received in connection with the accident or loss," Eagle did not receive notice of the underlying action until approximately 18 months after it was commenced. This delay, which was admittedly caused by McLean, was unreasonable as a matter of law (*see Martini v Lafayette Studio Corp.,* 273 AD2d 112, 113; *Shaw Temple A.M.E. Zion Church v Mount Vernon Fire Ins. Co.,* 199 AD2d 374, 376). Thus, coverage under the Eagle policy was vitiated and Eagle has no obligation to defend or indemnify Zuckerman.

In addition, Progressive's policy with Zuckerman was not in effect at the time of the accident, and there is no evidence that it assumed Zuckerman's defense (*see Martini v Lafayette Studio Corp., supra* at 113-114; *Nassau Ins. Co. v Manzione,* 112 AD2d 408, 409; *cf. Indemnity Ins. Co. of N. Am. v Charter Oak Ins. Co.,* 235 AD2d 521, 522). Accordingly, Eagle and Progressive were entitled to summary judgment.

Since this is a declaratory judgment action, the matter must be remitted to the Supreme Court, Nassau County, for the entry of a judgment declaring that neither Eagle nor Progressive is obligated to defend or indemnify the defendant Joshua Zuckerman in the underlying action pending in the United States District Court for the District of Connecticut (*see Lanza v Wagner,* 11 NY2d 317, 334, appeal dismissed 371 US 74, *cert denied* 371 US 901). Santucci, J.P., H. Miller, Schmidt and Townes, JJ., concur.