■ GRANITE STATE INSURANCE COMPANY, Respondent, v DI-VERSIFIED EDWARDS AGENCY, Appellant, and SCOTTSDALE IN-

SURANCE COMPANY, Respondent, et al., Defendant. [757 NYS2d 544] —Order, Supreme Court, New York County (Louis York, J.), entered March 12, 2002, which in an action by plaintiff workers' compensation carrier (Granite) against defendant-appellant insurance broker (Diversified) and defendant-respondent general liability carrier (Scottsdale) for reimbursement of money that Granite paid to settle a laborer's underlying action for personal injuries, denied Diversified's motion to dismiss the complaint, unanimously affirmed, with costs. Order, same court and Justice, entered on or about October 24, 2002, which denied Diversified's motion to dismiss Scottsdale's cross claims for reimbursement of the money that it paid to settle the underlying personal injury action, unanimously affirmed, with costs.

The instant dispute over insurance coverage arises out of a construction subcontract that required the subcontractor, the injured laborer's employer, Kendrick Trucking & Excavation (Kendrick), to indemnify the general contractor for losses arising out of Kendrick's work, and to obtain general liability insurance naming the general contractor as an additional insured. On behalf of Kendrick, insurance broker Diversified procured liability insurance from Scottsdale and workers' compensation insurance from Granite, but issued a certificate of insurance with respect to Granite that contained allegedly erroneous contractual indemnification language, and, like the certificate of insurance that it issued with respect to Scottsdale, was also allegedly erroneous in naming not Kendrick but James Kendrick Trucking, Inc., a different entity. The motion court properly denied Diversified's motions to dismiss the claims against it by Granite and Scottsdale for reimbursement of the moneys they paid to settle the underlying personal injury action. As for Granite, its allegations suffice to show that it was required to afford coverage because of, inter alia, Diversified's allegedly erroneous inclusion of contractual indemnification language in the certificate of insurance. As to both Granite and Scottsdale, their allegations suffice to show that the alleged misnomer effectively left Kendrick uninsured, and that Granite's and Scottsdale's contributions towards the settlement of the underlying action therefore entitle them to be equitably subrogated to Kendrick's rights against Diversified for failing to obtain proper insurance (*see National Union Fire Ins. Co. v State Ins. Fund*, 222 AD2d 369 [1995]). We have considered Diversified's other arguments and find them unavailing. Concur—Tom, J.P., Mazzarelli, Andrias, Rosenberger and Williams, JJ.