BLUE RIDGE INSURANCE COMPANY, Appellant, v ALAN J. BIEGELMAN et al., Respondents. [829 NYS2d 575]—

In an action for a judgment declaring the rights of the parties concerning a homeowners' liability insurance policy, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Jamieson, J.), entered December 6, 2005, as denied its motion for summary judgment on its first cause of action.

Ordered that the order is reversed, on the law, with costs, the plaintiff's motion for summary judgment on its first cause of action is granted, and the matter is remitted to the Supreme Court, Westchester County, for the entry of a judgment declaring that the plaintiff is not obligated to indemnify the defendants Alan J. Biegelman and Mindy Biegelman or contribute pro rata to the costs of environmental remediation incurred by them in connection with the leakage of oil from an underground storage tank at their premises.

Where an insurance policy requires that notice of an occurrence be given promptly, notice must be given within a reasonable time in view of all of the circumstances. Absent a valid excuse for a delay in furnishing notice, failure to satisfy the notice requirement vitiates coverage (*see Great Canal Realty Corp. v Seneca Ins. Co., Inc.,* 5 NY3d 742 [2005]; *Eagle Ins. Co. v Zuckerman,* 301 AD2d 493 [2003]). The insurer need not establish that it was prejudiced by the late notice, save in certain situations not applicable here (*see Argo Corp. v Greater N.Y. Mut. Ins. Co.,* 4 NY3d 332 [2005]).

The plaintiff established its prima facie entitlement to judgment as a matter of law by demonstrating that it was not notified of the occurrence until approximately 21 months after it was discovered (*see White v City of New York,* 81 NY2d 955, 957 [1993]; *Jordan Constr. Prods. Corp. v Travelers Indem. Co. of Am.,* 14 AD3d 655, 656 [2005]). Once the plaintiff established its prima facie entitlement to judgment, the burden shifted to the defendants to adduce a triable issue of fact as to whether there existed a reasonable excuse for their delay (*see Argentina v Otsego Mut. Fire Ins. Co.,* 86 NY2d 748, 750 [1995]). The defendants failed to do so. Contrary to the contention of the insured defendants Alan J. Biegelman and Mindy Biegelman (hereinafter the insureds), their broker's mistake in notifying the wrong insurance carrier of the occurrence is not a valid excuse for late notice (*see Eagle Ins. Co. v Zuckerman, supra* at 495; *Martini v Lafayette Studio Corp.,* 273 AD2d 112 [2000];

*Shaw Temple A.M.E. Zion Church v Mount Vernon Fire Ins. Co.,* 199 AD2d 374, 376 [1993]).

The insureds further assert that they lack expertise concerning home heating oil tank systems, and therefore did not know when the leak originated, that they could be held liable for it, or that its timing implicated their policy with the plaintiff. While the reasonableness of an insured's good faith belief that he or she was not liable for an occurrence is a matter ordinarily left for determination by the finder of fact (*see Argentina v Otsego Mut. Fire Ins. Co.,* 86 NY2d 748, 750 [1995]; *Morris Park Contr. Corp. v National Union Fire Ins. Co. of Pittsburgh, Pa.,* 33 AD3d 763 [2006]), summary judgment may be granted where the evidence, construing all inferences in favor of the insured, establishes as a matter of law that the belief was unreasonable or in bad faith (*see Genova v Regal Mar. Indus.,* 309 AD2d 733 [2003]; *Travelers Ins. Co. v Volmar Constr. Co.,* 300 AD2d 40, 43 [2002]).

The evidence submitted in opposition to the plaintiff's motion established that the defendant Hanover Insurance Company (hereinafter Hanover) notified the insureds, within days of the discovery of the leak, that their policies with prior insurance carriers could be implicated. Therefore, at the very least, the insureds "should have realized that there was a reasonable possibility of the subject policy's involvement," and the proffered excuse is unreasonable as a matter of law (*C.C.R. Realty of Dutchess v New York Cent. Mut. Fire Ins. Co.,* 1 AD3d 304, 305 [2003]; *see Rondale Bldg. Corp. v Nationwide Prop. & Cas. Ins. Co.,* 1 AD3d 584 [2003]).

Having failed to offer a valid excuse for the insureds' delay in providing notice of the occurrence to the plaintiff, the defendants failed to raise a triable issue of fact as to the reasonableness of such delay.

Contrary to Hanover's contention, its rights as against the plaintiff are derived solely through subrogation, and it is subject to the defenses applicable against the insureds (*see Humbach v Goldstein,* 229 AD2d 64, 66-67 [1997]; *Hartford Acc. & Indem. Co. v CNA Ins. Cos.,* 99 AD2d 310 [1984]). Accordingly, because the insureds may not recover from the plaintiffs, neither may Hanover.

Therefore, summary judgment should have been awarded to the plaintiff. In light of this determination, the plaintiff's remaining contention has been rendered academic.

Since this is a declaratory judgment action, the matter must be remitted to the Supreme Court, Westchester County, for the entry of a judgment declaring that the plaintiff is not obligated

to indemnify the defendants Alan J. Biegelman and Mindy Biegelman or contribute pro rata to the costs of environmental remediation incurred by them in connection with the leakage of oil from an underground storage tank at their premises (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Krausman, J.P., Florio, Lunn and Covello, JJ., concur.