■ Columbia Energy Group et al., Respondents, v Alexander Fisher et al., Defendants, and Crawford & Company, Appellant. [851 NYS2d 12]—

Order, Supreme Court, New York County (Carol Edmead, J.), entered June 12, 2007, which, to the extent appealed from, denied the motion of defendant Crawford & Company (Crawford) for summary judgment dismissing the complaint as against it, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of defendant Crawford dismissing the complaint as against it.

Since plaintiff Columbia Energy Group was not in privity with Crawford, and Crawford's only obligation with regard to excess insurers was to notify the regional claims office of AIG if the loss potentially implicated excess coverage, it is evident that Crawford did not breach any obligation it might have had to Columbia. Once Crawford notified AIG, and there is no contention

that it did not notify AIG, its obligations under the service agreement concerning excess coverage terminated.

Despite Columbia's suggestions to the contrary, nothing in the record suggests a course of dealings between Crawford and Columbia, whereby Crawford would notify the excess carrier in the absence of a request from Columbia. To the contrary, the record indicates that Columbia's risk manager requested Crawford, for the first time, in a letter dated three years after the loss, to notify the excess carrier, and, even then, believed that notice was premature. The letter concluded, "Based upon our knowledge of the facts in this case, we disagree with such necessity [of giving notice] here."

The causes of action for negligence and breach of fiduciary duty should also have been dismissed. The only obligations that Crawford had to Columbia flowed from the service agreement, and Columbia has provided no authority for its contention that Crawford also had a common law duty to Columbia concerning the excess claims (cf. Martini v Lafayette Studio Corp., 273 AD2d 112, 114 [2000]). Indeed, the correspondence between Columbia and Crawford belies Columbia's claim that it trusted Crawford to notify the excess insurer. Concur—Mazzarelli, J.P., Andrias, Catterson and McGuire, JJ. [See 2007 NY Slip Op 31583(U).]