Appeals from (1) an order of the Supreme Court, Dutchess County (James V. Brands, J.), dated May 17, 2016, and (2) an order of that court dated October 3, 2016. The order dated May 17, 2016, denied the defendant’s motion for summary judgment dismissing the complaint and granted the plaintiffs’ motion for summary judgment on the complaint. The order dated October 3, 2016, insofar as appealed from, upon reargument, adhered to the determination in the order dated May 17, 2016.
 

 Ordered that the appeal from the order dated May 17, 2016, is dismissed, as that order was superseded by the order dated October 3, 2016; and it is further,
 

 Ordered that so much of the order dated October 3, 2016, as, upon reargument, adhered to the prior determination granting that branch of the plaintiffs’ motion which was for summary judgment on the complaint insofar as asserted by the plaintiff Vassar College and insofar as it denied the branch of the defendant’s motion which was for summary judgment dismissing the complaint insofar as asserted by the plaintiff Vassar College is vacated in light of our determination in the companion appeal decided herewith (Vassar Coll. v Marshall & Sterling, Inc., 156 AD3d 936 [2017]); and it is further,
 

 Ordered that the order dated October 3, 2016, is affirmed insofar as reviewed; and it is further,
 

 Ordered that one bill of costs is awarded to the plaintiff United Educators.
 

 The underlying facts are summarized in the companion appeal (Vassar Coll. v Marshall & Sterling, Inc., 156 AD3d 936 [2017]). On these appeals, the defendant Marshall & Sterling, Inc. (hereinafter M&S), contends, inter alia, that the branch of its motion which was for summary judgment dismissing the complaint insofar as asserted by the plaintiff United Educators (hereinafter UE) should have been granted, and the branch of the plaintiffs’ motion which was for summary judgment on the complaint insofar as asserted by UE should have been denied upon reargument. The contentions are without merit.
 

 UE demonstrated its prima facie entitlement to judgment as a matter of law on its cause of action sounding in negligence, and on its additional request for attorney’s fees, as subrogee of the plaintiff Vassar College (hereinafter Vassar) (see Zuckerman v City of New York, 49 NY2d 557 [1980]). UE presented evidence establishing, inter alia, that M&S had a special relationship with Vassar whereby M&S owed Vassar a duty of care to provide timely notice of the underlying personal injury lawsuit brought against Vassar to the appropriate insurance carriers, including excess carriers Diamond State Insurance Company and Scottsdale Insurance Company, that M&S breached that duty, and that the breach was a proximate cause of the subject loss (see Voss v Netherlands Ins. Co., 22 NY3d 728 [2014]; Murphy v Kuhn, 90 NY2d 266, 270 [1997]; Ahetta Boiler & Welding Serv., Inc. v American Intl. Specialty Lines Ins. Co., 76 AD3d 412, 413 [2010]; Martini v Lafayette Studio Corp., 273 AD2d 112, 114 [2000]). In opposition, M&S failed to raise a triable issue of fact.
 

 M&S’s contention that any potential award is limited to $500,000, as opposed to the claimed loss of $1.5 million by UE, was improperly raised for the first time on reargument (see Cohn v Titan Drilling Corp., 79 AD3d 925, 926 [2010]; Ruddock v Boland Rentals, 5 AD3d 368 [2004]).
 

 M&S’s remaining contentions are without merit.
 

 Mastro, J.P., Hall, Miller and Brathwaite Nelson, JJ., concur.