Appeal from an order of the Supreme Court, Dutchess County (James V. Brands, J.), dated October 6, 2014. The order denied the defendant’s motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint.
 

 Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the defendant’s motion pursuant to CPLR 3211 (a) (7) which was to dismiss the complaint insofar as asserted by the plaintiff Vassar College, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.
 

 The plaintiff Vassar College (hereinafter Vassar) was insured under a primary policy and an umbrella policy issued by the plaintiff United Educators (hereinafter UE). The policies were obtained for Vassar by its insurance broker, the defendant, Marshall & Sterling, Inc. (hereinafter M&S). M&S was also the insurance broker of Kirchhoff Construction Management, Inc. (hereinafter Kirchhoff), a contractor hired by Vassar to perform construction work on Vassar’s property. M&S obtained primary insurance coverage for Kirchhoff from ACE Property & Casualty Insurance Company (hereinafter ACE), and excess insurance coverage from Diamond State Insurance Company (hereinafter Diamond State) and Scottsdale Insurance Co. (hereinafter Scottsdale). Under all three of these policies, Vassar was an additional insured in connection with the subject construction project.
 

 One of Kirchhoffs employees was injured during the construction project, and he later commenced an action against Vassar to recover damages for personal injuries. Vassar requested that M&S give notice of the action to ACE, Diamond State, and Scottsdale. However, Diamond State and Scottsdale disclaimed coverage based upon late notice.
 

 UE eventually negotiated a $7 million settlement in that action, paid the full amount on behalf of Vassar, and received reimbursement from ACE and, despite its initial coverage disclaimer, from Diamond State, up to their policy limits. However, UE received only $2.5 million from Scottsdale, which was less than its $4 million policy limit, resulting in a $1.5 million shortfall that UE paid from its umbrella policy with Vassar. Unlike Diamond State, Scottsdale continued to invoke its late notice defense to justify its refusal to pay its full policy limit. It is undisputed that pursuant to the priority of coverage determined by this Court in an appeal in a prior related insurance coverage action brought by Vassar (Vassar Coll, v Diamond State Ins. Co., 84 AD3d 942 [2011]), had Scottsdale paid up to its policy limit, UE would not have had to contribute any money from the umbrella policy towards the settlement in that action.
 

 The plaintiffs commenced this action against M&S, seeking to recoup the $1.5 million shortfall UE paid through the umbrella policy, alleging, inter alia, that the shortfall was the result of M&S’s negligence in failing to give timely notice of the underlying action to Scottsdale. The plaintiffs also sought to recover the attorney’s fees incurred to enforce full coverage from Kirchhoffs excess carriers. The Supreme Court denied the motion by M&S pursuant to CPLR 3211 (a) (7) to dismiss the complaint, holding that the complaint stated a cause of action sounding in negligence as to Vassar and subrogation on behalf of UE as Vassar’s subrogee, and for recovery of attorney’s fees. M&S appeals.
 

 In considering a motion pursuant to CPLR 3211 (a) (7) to dismiss a complaint, the court must accept the facts as alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326 [2002]; Leon v Martinez, 84 NY2d 83, 87-88 [1994]; Randazzo v Nelson, 128 AD3d 935, 936 [2015]). “Although the facts pleaded are presumed to be true and are to be accorded every favorable inference, bare legal conclusions as well as factual claims flatly contradicted by the record are not entitled to any such consideration” (Zuniga v BAG Home Loans Servicing, L.P., 147 AD3d 882, 883 [2017] [internal quotation marks omitted]).
 

 Here, the complaint sufficiently alleged a cognizable cause of action sounding in subrogation by UE as Vassar’s subrogee against M&S (see Allianz Underwriters Ins. Co. v Landmark Ins. Co., 13 AD3d 172 [2004]; Granite State Ins. Co. v Diversified Edwards Agency, 304 AD2d 304 [2003]), and for recovery of UE’s attorney’s fees (see Martini v Lafayette Studio Corp., 273 AD2d 112, 114 [2000]).
 

 However, the complaint failed to state a cognizable cause of action by Vassar sounding in negligence against M&S. The traditional common-law elements of negligence include, inter alia, damages (see Hyatt v Metro-North Commuter R.R., 16 AD3d 218 [2005]). Here, it is undisputed that the settlement of the underlying action and the attorney’s fees at issue were fully paid by insurance proceeds. Consequently, Vassar has failed to sufficiently allege that it sustained any direct damages as a result of M&S’s alleged negligence. Accordingly, the Supreme Court should have granted the branch of the motion of M&S which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted by Vassar.
 

 Mastro, J.P., Hall, Miller and Brathwaite Nelson, JJ., concur.