Calderoni v 260 Park Ave. S. Condominium (2023 NY Slip Op 05357)

Calderoni v 260 Park Ave. S. Condominium

2023 NY Slip Op 05357

Decided on October 24, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 24, 2023

Before: Manzanet-Daniels, J.P., Rodriguez, Pitt-Burke, Higgitt, Rosado, JJ. 

Index No. 152050/22 Appeal No. 876-877 Case No. 2022-03926 2022-04140 

[*1]Erin P. Calderoni et al., Plaintiffs-Respondents,
v
260 Park Avenue South Condominium et al., Defendants-Appellants. 

Gallo Vitucci Klar LLP, New York (Nicholas Vevante of counsel), for appellants.
Barton LLP, New York (Randall Laurel Rasey of counsel), for respondents.

Order, Supreme Court, New York County (William Perry, J.), entered on or about August 4, 2022, which denied defendants' motion to dismiss the complaint, unanimously modified, on the law, the motion granted insofar as dismissing the cause of action for private nuisance (eleventh cause of action), and otherwise affirmed, without costs. Order, same court and Justice, entered on or about August 24, 2022, which granted plaintiffs' motion to appoint a temporary receiver, unanimously affirmed, without costs.
Plaintiffs' direct and derivative claims are sufficiently separately pleaded (see Yudell v Gilbert, 99 AD3d 108, 113-115 [1st Dept 2012]). Although the claims arise from the same facts, the harm is distinct; the direct claims focus on the damage to plaintiffs' individual units, while the derivative claims focus on the damage to common elements, including the roof (see AHW Inv. Partnership v CitiGroup Inc., 980 F Supp 2d 510, 517 [SD NY 2013], affd 661 Fed Appx 2 [2d Cir 2016]; Cortazar v Tomasino, 150 AD3d 668, 671 [2d Dept 2017]; Grimes v Donald, 673 A2d 1207, 1212 [Del 1996], overruled in part on other grounds by Brehm v Eisner, 746 A2d 244 [Del 2000]).
The causes of action for breach of fiduciary duty, aiding and abetting breach of fiduciary duty, waste, and violations of the Condominium Act (Real Property Law § 339-cc) are not duplicative of the breach of contract causes of action. The causes of action for breach of fiduciary duty and Condominium Act stem from the breach or violation of duties distinct from the contract (see 37 E. 50th St. Corp. v Restaurant Group Mgt. Servs., L.L.C., 156 AD3d 569, 570 [1st Dept 2017] ["the same conduct which may constitute the breach of a contractual obligation may also constitute the breach of a duty arising out of the relationship created by contract but which is independent of the contract itself"]). The gravamen of the misconduct and injury alleged in connection with the waste claims — allowing plaintiffs' units and the common areas to deteriorate while in possession of those areas— is distinct from the failure to make repairs alleged in connection with the breach of contract causes of action (see Sutton Investing Corp. v City of Syracuse, 48 AD3d 1141, 1142 [4th Dept 2008], lv dismissed 10 NY3d 858 [2008]). However, the cause of action for private nuisance should be dismissed as duplicative, as "the facts which form the basis of the nuisance claim stem entirely from the Board's contractual obligations" to make repairs (see Milstein v Essex House Condominium, 2010 NY Slip Op 33445[U], *15 [Sup Ct, NY County 2010]).
Demand futility was sufficiently pleaded for purposes of the derivative claims (see Business Corporation Law § 626[c]; Marx v Akers, 88 NY2d 189, 200-201 [1996]; Board of Mgrs. of the Alfred Condominium v Miller, 202 AD3d 467, 468 [1st Dept 2022]). Plaintiffs alleged that they made numerous complaints to the Board about the leaks and numerous specific requests for repairs, to no avail. They also [*2]submitted affidavits and documentation supporting these allegations and evincing defendants' failure to remediate even in response to Department of Buildings violations and a housing court order. It stands to reason that the same Board that refused to make the repairs would not approve litigation to enforce its own obligation to repair.
That plaintiffs seek both equitable and monetary relief is not, in itself, a basis to dismiss the requests for injunctive relief, as an award of damages may not be adequate to fully compensate plaintiffs (see e.g. McMahon v Cobblestone Lofts Condominium, 161 AD3d 536, 537 [1st Dept 2018]; Martini v Lafayette Studio Corp., 234 AD2d 146, 146 [1st Dept 1996]).
Appointment of a temporary receiver was proper to prevent further delays and property deterioration in an already lengthy repair process during which plaintiffs' apartments have been uninhabitable (see CPLR 6401[a]; Moran v Moran, 77 AD3d 443, 445 [1st Dept 2010]; Cyngiel v Krigsman, 192 AD3d 760, 762 [2d Dept 2021]). 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 24, 2023