Owens v New Empire Corp. (2025 NY Slip Op 06788)

Owens v New Empire Corp.

2025 NY Slip Op 06788

Decided on December 04, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 04, 2025

Before: Kern, J.P., Friedman, Gesmer, Pitt-Burke, O'Neill Levy, JJ. 

Index No. 654796/23|Appeal No. 5284|Case No. 2024-05348|

[*1]John Owens et al., Plaintiffs-Respondents,
v
New Empire Corp. et al., Defendants-Appellants, US Weatherseal Windows & Doors Operation Inc. et al., Defendants.

Lee & Lum, LLP, New York (Robert J. Lum of counsel), for appellants.
Bergstein Flynn Knowlton & Pollina PLLC, New York (Lee Bergstein and Joseph DiPietro of counsel), for respondents.

Order, Supreme Court, New York County (Suzanne Adams, J.), entered on or about July 17, 2024, which denied the motion of defendants New Empire Corp., First Building Enterprises LLC (the sponsor), Continental Building Management LLC, New Empire Builder Corp., Bentley Zhao, Anthony Santiago, Calvin Chan, and Joey Zhong to dismiss the complaint, unanimously modified, on the law, to grant the motion to dismiss the causes of action for fraudulent misrepresentation (the seventh cause of action), aiding and abetting fraudulent misrepresentation (the eighth cause of action), and negligent supervision (the tenth cause of action) in their entirety, and to dismiss the cause of action for negligence (the ninth cause of action) as against defendant New Empire Building Corp., and otherwise affirmed, without costs.
Plaintiffs sufficiently pleaded derivative claims on behalf of the condominium board of managers against First Building Enterprises, the sponsor of the condominium. The derivative claims, which address the common units of the building, are clearly distinguished from the direct claims, which address the individual units in the building (see Calderoni v 260 Park Ave. S. Condominium, 220 AD3d 563, 563 [1st Dept 2023]; Yudell v Gilbert, 99 AD3d 108, 114 [1st Dept 2012]).
The complaint also sufficiently pleaded demand futility for purposes of the derivative claims. Plaintiffs allege that, before bringing the individual and derivative claims, they made persistent demands to both the sponsor and the condominium's board of managers, requesting that the sponsor and the board act to remediate the defective conditions in the building. However, according to the allegations in the complaint, those demands proved futile (see Calderoni, 220 AD3d at 564). Plaintiffs further allege that the board defendants actively participated in wrongful conduct toward plaintiffs (see id.).
Furthermore, plaintiffs have alleged particularized facts that would warrant piercing the corporate veil (see Baby Phat Holding Co., LLC v Kellwood Co., 123 AD3d 405, 407 [1st Dept 2014]). Plaintiffs allege that New Empire Corp., through its principals, created the sponsor entity for the purpose of evading liability for the defective work by its contractor entity and installed New Empire Corp.-controlled board members to delay repairs and remediation of the defective conditions until all of the units were sold. Plaintiffs also allege that New Empire Corp.'s actions rendered the sponsor entity judgment-proof and therefore left plaintiffs without a remedy. Giving plaintiffs the benefit of every favorable inference at the pleading stage, these allegations adequately connect the alleged wrongdoing to abuse of the corporate form and are therefore sufficient to withstand a motion to dismiss under CPLR 3211(a)(7).
As to the specific causes of action, plaintiffs adequately pleaded that the sponsor and New Empire Corp. breached the offering plan by failing to construct the building in accordance with the plan, as alleged in the first and second causes of action. The first cause of action alleges the existence of defects in the construction of the building in violation of the offering plan's specifications and specifically states which provisions the sponsor and New Empire Corp. allegedly breached (see Calderoni, 220 AD3d at 563). Similarly, the second cause of action adequately alleges that six specific enumerated warranties were not assigned to the board of managers and unit owners in violation of the express terms of the offering plan.
Plaintiffs sufficiently alleged facts to state a cause of action against the sponsor and New Empire Corp. for breach of the limited warranty, as set forth in the third cause of action. At this stage of the litigation, plaintiffs sufficiently allege that, although they fulfilled the offering plan's notice requirements, the sponsor failed to take steps to address the items in plaintiffs' notices as required under paragraph 31 of the offering plan. In addition, the complaint specifically describes the manner in which the building does not conform to the plan specifications.
We reject defendants' assertion that the first three causes of action are barred by an "as-is" clause in the purchase agreement and the related warranty disclaimers. This assertion is directly contradicted by the purchase agreement itself, as well as by the offering plan, both of which state that the sponsor's obligations, regardless of any limitations in any warranty or in the offering plan, cannot be any less than the duty to construct the building in accordance with all applicable laws, and the plans and specifications.
As to the fourth cause of action for breach of contract against defendant Continental Building Management LLC as managing agent of the building, defendants maintain that plaintiffs have no contract with the managing agent that would allow them to assert this claim. However, defendants have not produced the management agreement to establish that plaintiffs were not intended third-party beneficiaries of the agreement. Moreover, defendants did not otherwise refute the complaint's allegations that the sponsor's contract with the managing agent was entered into for the unit owners' benefit, nor did they refute the allegations in the complaint that plaintiffs were damaged by the managing agent's failure to fulfill its duties or respond to plaintiffs' concerns (see e.g. Caprer v Nussbaum, 36 AD3d 176, 201[2d Dept 2006]).
Contrary to defendants' assertions otherwise, the fifth cause of action for breach of fiduciary duty against the individual board members is not duplicative of the breach of contract causes of action. The cause of action for breach of fiduciary duty does not allege a breach of the offering plan, but rather alleges a breach of the duties of the individual board members to address the complaints of the unit owners and to act in the best interests of the condominium (see e.g. Board of Mgrs. of Greenwich St. Condominium v SGN 443 Greenwich St. Owner LLC, 224 AD3d 401, 402 [1st Dept 2024]). Nor is the claim barred by the business judgment rule at this stage, as plaintiffs have adequately alleged that the individual board members intentionally delayed repairs and otherwise acted in bad faith to the detriment of the condominium and plaintiffs and for the sponsor's benefit (see e.g. Board of Mgrs. of Alfred Condominium v Miller, 202 AD3d 467, 469 [1st Dept 2022]).
Plaintiffs sufficiently stated the sixth cause of action for injunctive relief mandating that the sponsor and the board transfer control of the board to the individual unit owners. Plaintiffs adequately pleaded that, in the absence of an order requiring a transfer of control, they will be irreparably harmed because no claim for damages can make plaintiffs whole where their homes are controlled by unresponsive fiduciaries (see e.g. Sirius Satellite Radio, Inc. v Chinatown Apts., Inc., 303 AD2d 261 [1st Dept 2003]). That plaintiffs' other claims can be compensated by money damages does not detract from the harm they have alleged will ensue if the board members are not replaced (see Martini v Lafayette Studio Corp., 234 AD2d 146 [1st Dept 1996]).
Supreme Court correctly allowed the ninth cause of action, for negligence, to proceed as against the sponsor and New Empire Corp. We reject defendants' assertion that the ninth cause of action as against the sponsor is duplicative of the breach of contract claim, as the sponsor has an independent, nondelegable duty to maintain the building in good repair (Multiple Dwelling Law § 78; see Liberman v Cayre Synergy 73rd LLC, 108 AD3d 426, 426 [1st Dept 2013]). In any event, at the pleading stage, plaintiffs may assert this claim in the alternative to the relief sought on the contract claims.
However, Supreme Court should have dismissed the ninth cause of action as against New Empire Builder Corp., the general contractor, as plaintiffs "cannot recover solely for economic loss arising out of negligent construction in the absence of a contractual relationship" (Residential Bd. of Managers of Zeckendorf Towers v Union Sq.-14th St. Assoc., 190 AD2d 636, 636 [1st Dept 1993]). For the same reason, the court should also have dismissed the cause of action for negligent supervision, the tenth cause of action, which was interposed as against New Empire Builder Corp. and the sponsor, in its entirety.
Supreme Court should also have dismissed the seventh cause of action for fraudulent misrepresentation in its entirety. The allegations supporting this cause of action arise from the detailed promises of the sponsor's representative that the sponsor would undertake remediation efforts even though the representative was aware that the sponsor did not intend to perform the remediations. Although these allegations differ from those underlying the breach of contract claims, they fail to identify any duty, other than the duties set forth in the offering plan or the board's fiduciary duty, on which a fraud claim may be predicated, nor do plaintiffs assert additional damages arising from the purportedly fraudulent misrepresentations (see e.g. Eastern Effects, Inc. v 3911 Lemmon Ave. Assoc., LLC, 223 AD3d 562, 563 [1st Dept 2024]).
Because the fraudulent misrepresentation claim as against the sponsor and New Empire Corp. has not been established, the related cause of action for aiding and abetting fraudulent misrepresentation, stated in the eighth cause of action must also be dismissed in its entirety (see Stanfield Offshore Leveraged Assets, Ltd. v Metropolitan Life Ins. Co., 64 AD3d 472, 476 [1st Dept 2009]).
We have considered defendants' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 4, 2025