■ UNIVERSAL UNDERWRITERS INSURANCE COMPANY, Appellant, v PATRIOT AMBULETTE, INC., Respondent.—In an action for a judgment declaring the plaintiff's obligations under an insurance contract, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Cacciabaudo, J.), dated October 6, 1987, which, after a nonjury trial, inter alia, determined that the plaintiff is required to defend and indemnify the defendant Patriot Ambulette, Inc., in an action to recover damages for personal injuries brought against it by Edward Camarero.

Ordered that the judgment is affirmed, with costs.

On May 29, 1981, a vehicle owned by the defendant and insured by the plaintiff was involved in an accident which resulted in serious injury to a passenger. Although the defendant immediately reported the accident to its insurance broker, thereafter the broker mistakenly notified the wrong insurance carrier, Liberty Mutual, of the claim due to the fact that the defendant had 3 vehicles, 2 insured by Liberty Mutual and 1 insured by the plaintiff. The error was not discovered and the plaintiff was not provided with written notice of the accident until some five months later. This notice was in the form of a State workers' compensation lien concerning the injured passenger. The plaintiff then sent a letter to the defendant, dated October 21, 1981, requesting that it complete a claim form. Upon receipt of this letter, the broker forwarded to the plaintiff the necessary documentation of the accident. The plaintiff now seeks a judgment declaring that it has no duty to defend or indemnify the defendant in connection with the personal injury action commenced by the injured passenger against it, inasmuch as the defendant failed to comply with the provision in the policy which required it to give written notice of any occurrence covered by the policy "as soon as practicable". We further note that there is uncontradicted testimony by the injured passenger that an investigator from the plaintiff visited her at her home approximately three months after the accident.

From this record we cannot conclude that the defendant's delay in providing written notice to the plaintiff of the occurrence of the accident was unreasonable as a matter of law but

instead, find that the notice was provided "as soon as practicable" under the facts and circumstances of this case. In this regard we note that the plaintiff failed to produce the key witness on its behalf, namely, claims adjuster Kevin Kennedy. Accordingly, the plaintiff may not disclaim its duty under the policy (see, Mighty Midgets v Centennial Ins. Co., 47 NY2d 12; 8 Appleman, Insurance Law and Practice § 4734; 70 NY Jur 2d, Insurance, § 1601 et seq.). Mangano, J. P., Lawrence, Spatt and Eiber, JJ., concur.