■ GOVERNMENT EMPLOYEES INSURANCE COMPANY, Respondent, v WAYNE R. BLECKER, Appellant, et al., Defendants.—In an action, *inter alia,* for a judgment declaring that the plaintiff is not obligated to defend and indemnify the defendants Marco Fiorletta and Mario Fiorletta in a personal injury action brought against them by the defendant Wayne R. Blecker, the defendant Wayne R. Blecker appeals from an order and judgment (one paper) of the Supreme Court, Queens County (LeVine, J.), dated January 13, 1988, which, upon granting the plaintiff's motion for summary judgment, *inter alia,* declared that the plaintiff was not obligated to defend or indemnify the Fiorlettas in the personal injury action brought against them by the appellant.

Ordered that the order and judgment is affirmed, with costs.

The Supreme Court's determination was based on the ground that the plaintiff had not been given timely written notice of the December 17, 1985 occurrence underlying the appellant's personal injury action against the defendants Marco and Mario Fiorletta, who were insureds under their parents' homeowners' policy issued by the plaintiff. The record indicates that the only written notice of the occurrence was received by the plaintiff on or about December 1, 1986, when it received from the Fiorlettas a copy of a summons and complaint in the Blecker action which had been served upon them on or about November 3, 1986.

The Fiorlettas, having defaulted in this declaratory judgment action, offered no excuse for their delay in giving written notice of the December 17, 1985 occurrence. Accordingly, the Supreme Court, Queens County, properly found that they breached the provision of the plaintiff's insurance policy which required the giving of written notice "as soon as practi-

cable". The appellant proffered certain excuses for the Fiorlettas' delay in giving written notice to the plaintiff, but we find those excuses unpersuasive.

Further, while Insurance Law § 3420 (a) (3) provides, in pertinent part, that written notice by or on behalf of the injured party shall be deemed notice to the insurer, no such notice was given in this case. The appellant did not give any written notice to the plaintiff. In addition, the service of the summons and complaint upon the Fiorlettas, which was then forwarded to the plaintiff almost 12 months after the accident, was insufficient under the circumstances to constitute notice on behalf of the injured party "as soon as was reasonably possible" (Insurance Law § 3420 [a] [4]; *see, Eveready Ins. Co. v Chavis,* 150 AD2d 372; *cf., Lauritano v American Fid. Fire Ins. Co.,* 3 AD2d 564, *affd* 4 NY2d 1028).

The appellant's other contentions have been considered and found to be without merit *(see, Virtuoso v Aetna Cas. & Sur. Co.,* 134 AD2d 252, 253-254). Brown, J. P., Lawrence, Eiber and Sullivan, JJ., concur.