■ CARMELA SERRAVILLO, Appellant, v STERLING INSURANCE COMPANY, Respondent. [689 NYS2d 521] —In an action to collect the proceeds of a homeowner's insurance policy issued by the defendant, the plaintiff appeals from an order of the Supreme Court, Kings County (Belen, J.), entered May 8, 1998, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

It is well established that the failure to comply with provisions of an insurance policy requiring timely notice of an accident vitiates the contract, both as to the insured and to one injured or damaged by his acts (*see*, *Security Mut. Ins. Co. v Acker-Fitzsimons Corp.*, 31 NY2d 436, 440; *Deso v London & Lancashire Indem. Co.*, 3 NY2d 127, 129; *Jenkins v Burgos*, 99 AD2d 217, 219). The policy provision which required the insured to "promptly give * * * notice" to the defendant insur-

ance carrier or its agent, required the insured to give notice within a reasonable time under the circumstances (*see, White v City of New York,* 81 NY2d 955, 957; *Unigard Sec. Ins. Co. v North Riv. Ins. Co.,* 79 NY2d 576, 581; *Merchants Mut. Ins. Co. v Hoffman,* 56 NY2d 799, 801; *Security Mut. Ins. Co. v Acker-Fitzsimons Corp., supra*). Furthermore, while Insurance Law § 3420 (a) (3) provides, in pertinent part, that written notice by or on behalf of the injured party shall be deemed notice to the carrier, the injured party has the burden of proving that she or her counsel acted diligently in attempting to ascertain the identity of the carrier and, thereafter expeditiously notified the carrier (*see, Government Empls. Ins. Co. v Blecker,* 150 AD2d 428; *Eveready Ins. Co. v Chavis,* 150 AD2d 332; *National Grange Mut. Ins. Co. v Diaz,* 111 AD2d 700, 701). At bar, the nine-month delay in giving notice of the accident and the five-month delay in giving notice of the underlying action, in the absence of excuse or mitigating factors, and in light of the close family relationship between the injured plaintiff and the insureds, was unreasonable as a matter of law (*see, Rodriguez v Liberty Mut. Ins. Co.,* 214 AD2d 366; *Government Empls. Ins. Co. v Blecker, supra; Eveready Ins. Co. v Chavis, supra*).

Furthermore, the insureds' allegation that they had provided notice of the accident and the underlying personal injury action to their insurance broker cannot be treated as notice to the carrier, since the broker is deemed to be the agent of the insured and not the carrier (*see, Security Mut. Ins. Co. v Acker-Fitzsimons Corp., supra,* at 442, n 3; *Shaw Temple A.M.E. Zion Church v Mount Vernon Fire Ins. Co.,* 199 AD2d 374, 376; *Kamyr, Inc. v St. Paul Surplus Lines Ins. Co.,* 152 AD2d 62, 65). There is no evidence of action by the carrier, or facts from which it may be inferred, to support the conclusion that the broker had a general authority to represent the carrier (*see, Incorporated Vil. of Pleasantville v Calvert Ins. Co.,* 204 AD2d 689; *Kamyr, Inc. v St. Paul Surplus Lines Ins. Co., supra*). S. Miller, J. P., Sullivan, Friedmann, Luciano and Feuerstein, JJ., concur.