■ MINDY TREPEL, Respondent, v ASIAN PACIFIC EXPRESS CORP. et al., Defendants, and COUNTRYWIDE INSURANCE Co., Appellant. [791 NYS2d 161]—

In an action for a judgment declaring that Countrywide Insurance Co. is obligated to defend and indemnify the defendants Asian Pacific Express Corp. and Gi Hwan Byun in an underlying action entitled *Trepel v Asian Pac. Express Corp.,* commenced in the Supreme Court, Queens County, under index No. 17303/00, the defendant Countrywide Insurance Co. appeals (1) from an order and judgment (one paper) of the Supreme Court, Queens County (Grays, J.), dated October 15, 2003, which granted the plaintiff's motion for summary judgment, denied its cross motion for summary judgment, and declared that it is obligated to defend and indemnify the defendants Asian Pacific Express Corp. and Gi Hwan Byun in the underlying action and (2), as limited by its brief, from so much of an order of the same court dated November 7, 2003, as denied that branch of its motion which was for leave to renew the prior motion and cross motion, or to vacate a prior decision of the same court dated June 4, 2003.

Ordered that the appeal from so much of the order dated November 7, 2003, as denied that branch of the appellant's motion which was for leave to renew the prior motion and cross motion, or to vacate the decision dated June 4, 2003, is dismissed, without costs or disbursements; and it is further,

Ordered that the order and judgment is reversed, on the law, the motion is denied, the cross motion is granted, and it is declared that Countrywide Insurance Co. is not obligated to defend or indemnify the defendants Asian Pacific Express Corp. and Gi Hwan Byun in the underlying action entitled *Trepel v Asian Pac. Express Corp.*, commenced in the Supreme Court, Queens County, under index No. 17303/00; and it is further,

Ordered that one bill of costs is awarded to the appellant.

The decedent was killed on October 14, 1999, as the result of a hit-and-run automobile accident. On February 28, 2000, the plaintiff was appointed to represent the decedent's estate. Five months later, on July 18, 2000, the plaintiff, Mindy Trepel, the Public Administrator of the County of Queens, retained counsel to commence the underlying action arising from the accident. On July 19, 2000, the plaintiff commenced this action. The appellant contended that it first received notice of the accident on August 22, 2000, when its insured forwarded to it a copy of the summons and complaint in the underlying action.

While Insurance Law § 3420 (a) (3) provides an injured party with an independent right to provide an insurance carrier with written notice of an accident, the injured party is required to demonstrate that he or she acted diligently in attempting to ascertain the identity of the insurer and thereafter, expeditiously notified the insurer (*see American Home Assur. Co. v State Farm Mut. Auto. Ins. Co.*, 277 AD2d 409, 410 [2000]; *Serravillo v Sterling Ins. Co.*, 261 AD2d 384, 385 [1999]; *Eveready Ins. Co. v Chavis*, 150 AD2d 332 [1989]).

Here, the appellant established its prima facie entitlement to judgment as a matter of law by establishing that the plaintiff failed to provide any explanation for the five-month delay in ascertaining the appellant's identity, or in notifying the appellant of the accident after the plaintiff was appointed to represent the decedent's estate. In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court improperly granted the plaintiff's motion for summary judgment and denied the appellant's cross motion for summary judgment.

The appeal from so much of the order dated November 7, 2003, as denied that branch of the appellant's motion which was for leave to renew the prior motion and cross motion, or to

vacate the decision dated June 4, 2003, must be dismissed, as no appeal lies from an order denying renewal or vacatur of a decision (*see Zabezhanskaya v Dinhofer,* 2 AD3d 521 [2003]).

In light of our determination, we need not reach the appellant's remaining contention. Florio, J.P., Cozier, Rivera and Skelos, JJ., concur.