■ GERSHOW RECYCLING CORPORATION, Appellant, v TRANS-CONTINENTAL INSURANCE COMPANY, Respondent. [801 NYS2d 832]—

In an action for a judgment declaring that the defendant must defend and indemnify the plaintiff in an underlying action entitled *Gibbs v Gershow Recycling Corp.,* pending in the Supreme Court, Suffolk County, under index No. 11179/01, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Werner, J.), dated July 13, 2004, which, upon an order of the same court (Underwood, J.), dated December 6, 2003, granting the defendant's motion for summary judgment, dismissed the complaint.

Ordered that the judgment is modified, by adding thereto a provision declaring that the defendant is not obligated to defend and indemnify the plaintiff in the underlying action entitled *Gibbs v Gershow Recycling Corp.*, pending in the Supreme Court, Suffolk County, under index No. 11179/01; as so modified, the judgment is affirmed, with costs.

The plaintiff operates an automobile recycling business in Medford. On July 23, 1998, a fire occurred at the plaintiff's business premises. A volunteer firefighter allegedly sustained physical injuries while fighting the fire. The plaintiff allegedly was unaware of the firefighter's injuries. The firefighter and his wife (hereinafter the Gibbses) commenced the underlying action in April 2001 effectuating service pursuant to Business Corporation Law § 306. However, the defendant's registered agent on file with the Secretary of State could not be located by the Post Office. Thus, the service was returned as undeliverable. The Gibbses ultimately obtained a default judgment against the plaintiff.

The plaintiff allegedly first learned of the Gibbses' action on March 4, 2002, when it was served with a set of motion papers. The papers were immediately sent to the plaintiff's insurance broker. However, the broker sent the papers to the wrong carrier. This mistake was not discovered until August 2002. The broker thereafter sent the papers to the defendant which first received notice of the claim and the action on August 27, 2002. The defendant promptly disclaimed coverage due to late notice of the action.

When an insurance policy requires that notice of an occurrence or action be given promptly, notice must be given within a reasonable time in view of all of the facts and circumstances (*see Eagle Ins. Co. v Zuckerman*, 301 AD2d 493, 495 [2003]; *Merchants Mut. Ins. Co. v Hoffman*, 56 NY2d 799, 801-802 [1982]; *Travelers Indem. Co. v Worthy*, 281 AD2d 411 [2001]). "Providing an insurer with timely notice of a potential claim is a condition precedent, and thus '[a]bsent a valid excuse, a failure to satisfy the notice requirement vitiates the policy' " (*Sayed v Macari*, 296 AD2d 396, 397 [2002], quoting *Security Mut. Ins. Co. of N.Y. v Acker-Fitzsimons Corp.*, 31 NY2d 436, 440 [1972]). It is uncontroverted that the defendant insurer did not receive notice of the underlying action until five months after the plaintiff allegedly first learned of the action. This five-month delay was unreasonable as a matter of law and justified the defendant's disclaimer (*see Trepel v Asian Pac. Express Corp.*, 16 AD3d 405 [2005]; *see Sayed v Macari, supra*; *Serravillo v Sterling Ins. Co.*, 261 AD2d 384 [1999]).

Contrary to the plaintiff's contentions, the fact that it may have provided timely notice of the action to its broker is of no consequence. The policy explicitly required the plaintiff to notify the defendant in the event of a claim or lawsuit. It is well settled that notice to a broker cannot be treated as notice to the insurer since the broker is deemed to be the agent of the insured and not the carrier (*see Security Mut. Ins. Co. v Acker-Fitzsimons Corp., supra* at 442 n 3; *Matter of First Cent. Ins. Co.,* 3 AD3d 494 [2004]; *Bennion v Allstate Ins. Co.,* 284 AD2d 924 [2001]; *Travelers Indem. Co. v Worthy, supra; Serravillo v Sterling Ins. Co., supra* at 385; *Shaw Temple A.M.E. Zion Church v Mount Vernon Fire Ins. Co.,* 199 AD2d 374 [1993]). *Universal Underwriters Ins. Co. v Patriot Ambulette* (149 AD2d 500 [1989]), upon which the plaintiff relies, is distinguishable insofar as the carrier therein received actual notice of the underlying claim and dispatched an investigator well in advance of receiving the written notice delayed by the broker's error. Here, it is uncontroverted that the defendant first learned of the subject action five months after the plaintiff received notice thereof, and more than four years after the claim arose.

We recognize that it is a common practice for insureds to notify their brokers, rather than their carriers, in the event of a claim or lawsuit. However, we emphasize that insureds do so at their peril since the law is clear: the policy requirement that the notice must be provided to the carrier trumps any informal arrangement or practice engaged in between insureds and their brokers.

Finally, contrary to the plaintiff's contentions, the defendant's disclaimer was effective notwithstanding that it failed to show prejudice as a result of the delay (*see Argo Corp. v Greater N.Y. Mut. Ins. Co.,* 4 NY3d 332 [2005]).

The plaintiff's remaining contentions are without merit.

We note that since this is a declaratory judgment action, the Supreme Court should have directed the entry of a declaration in favor of the defendant (*see Lanza v Wagner,* 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Cozier, J.P., S. Miller, Mastro and Rivera, JJ., concur.