■ SENECA INSURANCE COMPANY, Appellant, v W.S. DISTRIBUTION, INC., et al., Respondents. [838 NYS2d 99]—

In an action for a judgment declaring that the plaintiff is not obligated to defend and indemnify the defendants in an underlying action entitled *Glasgow v W.S. Distribution*, pending in the Supreme Court, Kings County, under index No. 9248/04, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (J. Schmidt, J.), entered November 29, 2006, as, in effect, denied its motion for summary judgment.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the plaintiff's motion for summary judgment is granted, and the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment declaring that the plaintiff is not obligated to defend and indemnify the defendants in an underlying action entitled *Glasgow v W.S. Distribution*, pending in the Supreme Court, Kings County, under index No. 9248/04.

"Generally, the requirement that an insured provide notice of any occurrence to the insurance company within a reasonable time is considered a condition precedent to the insurer's obligation to defend or indemnify the insured" (*C.C.R. Realty of Dutchess v New York Cent. Mut. Fire Ins. Co.*, 1 AD3d 304, 304-305 [2003]; *see White v City of New York*, 81 NY2d 955, 957 [1993]; *Pierre v Providence Wash. Ins. Co.*, 286 AD2d 139 [2001], *affd* 99 NY2d 222 [2002]). Absent a showing of legal justification, the failure to comply with the notice condition vitiates coverage (*see Matter of Allcity Ins. Co. [Jimenez]*, 78 NY2d 1054 [1991]; *Morris Park Contr. Corp. v National Union Fire Ins. Co. of Pittsburgh, Pa.*, 33 AD3d 763, 764 [2006]; *Matter of Interboro Mut. Indem. Ins. Co. v Napolitano*, 232 AD2d 561 [1996]). "There may be circumstances, such as lack of knowledge . . . or a reasonable belief in nonliability, that will excuse or explain delay in giving notice, but the insured has the burden of showing the reasonableness of such excuse" (*White v City of New York, supra* at 957-958; *see United Talmudical Academy of Kiryas Joel v Cigna Prop. & Cas. Co.*, 253 AD2d 423 [1998]).

Here, the plaintiff Seneca Insurance Company (hereinafter Seneca) established its prima facie entitlement to judgment as a matter of law by demonstrating that the defendant W.S. Distribution, Inc. (hereinafter Distribution), failed to timely notify it regarding the claim by the defendant Scott Glasgow that he suffered alleged injuries as a result of an accident at Distribution's facility (*see Blue Ridge Ins. Co. v Biegelman*, 36 AD3d 736, 737 [2007]; *Steinberg v Hermitage Ins. Co.*, 26 AD3d 426, 428 [2006]; *Travelers Indem. Co. v Worthy*, 281 AD2d 411, 412 [2001]). In response, Distribution failed to raise a triable issue of fact as to whether a reasonable excuse existed for its delay in notifying Seneca (*see White v City of New York, supra* at 958; *C.C.R. Realty of Dutchess v New York Cent. Mut. Fire Ins. Co., supra* at 305; *Paramount Ins. Co. v Rosedale Gardens*, 293 AD2d 235, 239-240 [2002]; *see also Felix v Pinewood Bldrs., Inc.*, 30 AD3d 459, 461 [2006]). Moreover, as Seneca correctly argues, the Supreme Court should not have considered the affidavit of Andy Cheung submitted in opposition to Seneca's motion by Distribution, as Distribution was precluded from presenting such evidence by a prior order of the Supreme Court (*see Contarino v North Shore Univ. Hosp. at Glen Cove*, 13 AD3d 571, 572 [2004]; *see also Cafaro v Emergency Servs. Holding, Inc.*, 11 AD3d 496 [2004]; *Echevarria v Pathmark Stores, Inc.*, 7 AD3d 750, 751 [2004]) Accordingly, the Supreme Court improperly denied that branch of Seneca's motion which was for summary judgment against Distribution.

Insurance Law § 3420 (a) provides the injured party with an

independent right to give notice of the accident and to satisfy the notice requirement of the policy (*see General Acc. Ins. Group v Cirucci,* 46 NY2d 862, 863-864 [1979]; *Allstate Ins. Co. v Marcone,* 29 AD3d 715, 717 [2006]). Moreover, the injured party has the burden of proving that its attorney acted diligently in attempting to ascertain the identity of the insurer, and, thereafter, expeditiously notified the insurer (*see Steinberg v Hermitage Ins. Co., supra* at 428; *American Home Assur. Co. v State Farm Mut. Auto. Ins. Co.,* 277 AD2d 409, 410 [2000]; *Serravillo v Sterling Ins. Co.,* 261 AD2d 384 [1999]).

Seneca presented a prima facie case of entitlement to judgment as a matter of law by demonstrating that Glasgow did not timely notify it of his accident (*see Steinberg v Hermitage Ins. Co., supra* at 428). In response, Glasgow failed to raise a triable issue of fact as to whether he diligently attempted to identify Seneca (*see Trepel v Asian Pac. Express Corp.,* 16 AD3d 405, 406 [2005]; *American Home Assur. Co. v State Farm Mut. Auto. Ins. Co.,* 277 AD2d 409, 410 [2000]; *cf. Allstate Ins. Co. v Marcone, supra* at 718). Accordingly, the Supreme Court should have granted that branch of Seneca's motion which was for summary judgment against Glasgow.

Since this is a declaratory judgment action, the matter must be remitted to the Supreme Court, Kings County, for the entry of a judgment declaring that Seneca is not obligated to defend and indemnify the defendants in the underlying action (*see Lanza v Wagner,* 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]; *C.C.R. Realty of Dutchess v New York Cent. Mut. Fire Ins. Co., supra* at 305-306). Spolzino, J.P., Ritter, Skelos and McCarthy, JJ., concur.