■ MURIEL SCHLOTT et al., Appellants, v TRANSCONTINENTAL INSURANCE COMPANY, INC., Respondent. [838 NYS2d 559]—

Order, Supreme Court, New York County (Walter B. Tolub, J.), entered May 17, 2006, which denied plaintiffs' motion for summary judgment and granted defendant's cross motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Muriel Schlott fell on steps constructed by defendant's insured, against whom plaintiffs took a default judgment. Unable to collect payment, they forwarded a copy of the judgment to defendant. Within two weeks, defendant rejected coverage on the ground of late notice, in a disclaimer letter sent to both the policyholder and plaintiffs' counsel. Plaintiffs then brought this action, demanding that the insurer satisfy the outstanding judgment against its insured.

Defendant maintains that the first notice it received about this accident was more than three years after entry of the judgment, and nearly seven years after the occurrence. Plaintiffs offered the court no explanation why notice was not attempted until years later, or what diligent efforts they undertook to notify the insured's carrier expeditiously. Nonetheless, they argue that defendant's notice of disclaimer was ineffective as against them. When an insurer disclaims liability for accidental death or bodily injury, it is required to "give written notice as soon as is reasonably possible of such disclaimer of liability or denial of coverage to the insured and the injured person or any other claimant" (Insurance Law § 3420 [d]). Plaintiffs suggest that defendant's disclaimer notice, albeit timely, was effective only against the insured. We disagree. Defendant complied with the mandate of section 3420 (d) when it gave notice of disclaimer to the insured and sent a copy to the injured party. The fact that defendant omitted from that notice any specific reference to the injured party's own failure to afford the insurer timely notice did not prejudice plaintiffs. Concur—Lippman, P.J., Mazzarelli, Marlow, Buckley and Malone, JJ.