■ EVANGELOS CAR WASH, INC., Respondent, v UTICA FIRST INSURANCE COMPANY, Appellant. [845 NYS2d 458]—

In an action for a judgment declaring that the defendant is obligated to defend and indemnify the plaintiff in an underlying personal injury action entitled *Reyes v Evangelos Car Wash, Inc.*, commenced in the Supreme Court, Richmond County, under index No. 11635/2003, the defendant appeals from an order and judgment (one paper) of the Supreme Court, Richmond County (J. McMahon, J.), entered August 7, 2006, which denied its motion for summary judgment, granted the plaintiff's cross motion for summary judgment, and declared that the defendant is obligated to defend and indemnify the plaintiff in the underlying personal injury action.

Ordered that the order and judgment is reversed, on the law, with costs, the motion is granted, the cross motion is denied, and it is declared that the defendant is not obligated to defend and indemnify the plaintiff in the underlying personal injury action.

When an insurance policy requires that notice of an occurrence or action be given promptly, notice must be given within a reasonable time in view of all the circumstances (see *Gershow Recycling Corp. v Transcontinental Ins. Co.*, 22 AD3d 460, 461 [2005]). In the instant case, the plaintiff knew of the accident, at the latest, on December 2, 2003. The plaintiff's delay until March 16, 2004 in giving notice of the underlying action to the defendant insurance company, in the absence of an excuse or mitigating factors, was unreasonable as a matter of law (see *Gershow Recycling Corp. v Transcontinental Ins. Co.*, 22 AD3d at 462; *Pile Found. Constr. Co. v Investors Ins. Co. of Am.*, 2 AD3d 611, 612-613 [2003]; *Serravillo v Sterling Ins. Co.*, 261

AD2d 384, 385 [1999]; *SSBSS Realty Corp. v Public Serv. Mut. Ins. Co.*, 253 AD2d 583, 585 [1998]). Furthermore, contrary to the plaintiff's contention, the defendant specifically advised the plaintiff in its disclaimer letter that its notice of claim was untimely (*see Maldonado v C.L.-M.I. Props., Inc.*, 39 AD3d 822, 823 [2007]; *Matter of State Farm Mut. Auto. Ins. Co. v Cooper,* 303 AD2d 414 [2003]; *Abreu v Huang,* 300 AD2d 420, 420-421 [2002]). Accordingly, the defendant properly disclaimed coverage, and the Supreme Court erred in denying the defendant's motion for summary judgment and granting the plaintiff's cross motion for summary judgment. Miller, J.P., Lifson, Angiolillo and McCarthy, JJ., concur. [*See* 12 Misc 3d 1188(A), 2006 NY Slip Op 51495(U).]