■ Eduardo Lopez et al., Appellants, v State Farm Fire & Casualty Company, Respondent. [858 NYS2d 252]—

In an action pursuant to Insurance Law § 3420 (a) (2) to recover an unsatisfied judgment against the defendant's purported insured, the plaintiffs appeal from so much of an order of the Supreme Court, Queens County (Kelly, J.), dated November 8, 2007, as denied their motion for summary judgment on the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

Where, as here, the plaintiffs, the injured parties, have commenced a personal injury action against the purported insured, they were required to notify the defendant, the insurer, of the underlying action (*see Serravillo v Sterling Ins. Co.*, 261 AD2d 384, 385 [1999]; *Government Empls. Ins. Co. v Blecker*, 150 AD2d 428, 429 [1989]; *see generally Rodriguez v Liberty Mut. Ins. Co.*, 214 AD2d 366 [1995]; *cf. Eveready Ins. Co. v Chavis*, 150 AD2d 332, 333-334 [1989]).

Here, the plaintiffs proffered no evidence that they notified the defendant of the underlying action they commenced against the defendant's purported insured and in which a default judgment was entered, until the defendant was served in the instant action (*see Fisher v Hanover Ins. Co.*, 288 AD2d 806, 806-807 [2001]; *Serravillo v Sterling Ins. Co.*, 261 AD2d 384, 385 [1999]; *Government Empls. Ins. Co. v Blecker*, 150 AD2d 428, 429 [1989]; *see generally Rodriguez v Liberty Mut. Ins. Co.*, 214 AD2d 366 [1995]; *cf. Eveready Ins. Co. v Chavis*, 150 AD2d 332, 333 [1989]). In addition, the plaintiffs' only submission, on their motion for summary judgment on the complaint, to establish that there was in full force and effect an agreement of insurance covering them for the liability, was a letter from the defendant to them requesting information regarding a claim (*see Kleynshvag v GAN Ins. Co.*, 21 AD3d 999 [2005]). That letter indicated that the defendant was making a second request to the plaintiffs to provide certain documentation regarding the plaintiffs' claim referenced therein "[i]n order to properly analyze and evaluate" the claim. Such letter, without more, failed to establish, prima facie, the existence of a valid policy of insurance covering the accident (*id.*).

Accordingly, the plaintiffs failed to establish their prima facie entitlement to summary judgment on the complaint pursuant to Insurance Law § 3420 (a) (2) to recover the unsatisfied judgment against the defendant's purported insured. The plaintiffs'

failure to meet their initial burden on the motion necessitated its denial regardless of the sufficiency of the opposing papers (*see generally Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]).

The parties' remaining contentions need not be reached in light of our determination. Skelos, J.P., Dillon, Leventhal and Chambers, JJ., concur.