■ KEY BANK U.S.A., N.A., Respondent, v INTERBORO INSURANCE COMPANY et al., Appellants. [884 NYS2d 246]—

In an action, inter alia, for a judgment declaring that the defendants are required to indemnify the plaintiff for a payment it made in connection with the settlement of a personal injury action entitled *Baldi v Key Bank U.S.A.*, in the Supreme Court, Suffolk County, index No. 16737/03, the defendants appeal from an order of the Supreme Court, Nassau County (Brandveen, J.), dated February 3, 2009, which denied their motion for summary judgment.

Ordered that the order is reversed, on the law, with costs, the defendants' motion for summary judgment is granted, and the matter is remitted to the Supreme Court, Nassau County, for entry of a judgment, inter alia, declaring that the defendants are not required to indemnify the plaintiff for a payment it made in connection with the settlement of the underlying action entitled *Baldi v Key Bank U.S.A.*, in the Supreme Court, Suffolk County, index No. 16737/03.

On May 7, 2003, the defendants' insured, Kimberly M. Guessford, was involved in an accident in which Vincent P. Baldi was injured. At the time, Guessford was driving an automobile leased to Michael Malliet and owned by Key Bank U.S.A., N.A., the plaintiff in this action (hereinafter the plaintiff). Thereafter, sometime in 2003, Baldi commenced a personal injury action entitled *Baldi v Key Bank U.S.A.* (hereinafter the underlying

action) in the Supreme Court, Suffolk County, against, among others, Guessford and the plaintiff.

By letter dated August 17, 2006, Guessford's counsel in the underlying action notified the defendants herein that Guessford was involved in the underlying action and asked whether she had insurance under the policy the defendants had issued to her covering a different vehicle that was not involved in the accident. The defendants, by letter dated August 30, 2006, disclaimed coverage on the grounds that they were not timely notified of the claim, as required by the policy, and because the policy excluded coverage for a vehicle regularly used by the insured other than the "covered auto" under the policy. The defendants alleged that Guessford was injured while driving a vehicle she regularly used, that was not the "covered auto" under the policy.

According to the plaintiff, the underlying action was settled in September 2006 for the sum of $300,000, $200,000 of which was paid by the plaintiff. Thereafter, by summons and complaint filed August 18, 2008, the plaintiff commenced this action seeking, inter alia, a declaration that the defendants were required to indemnify it for the payment it made towards the settlement of the underlying action. The defendants, in an answer sworn to on October 1, 2008, essentially denied all the material allegations but "admitted," inter alia, that they had disclaimed coverage by way of the aforementioned August 30, 2006 letter.

Thereafter, the defendants moved for summary judgment on the ground, inter alia, that the plaintiff forfeited any right to coverage by breaching the policy provision requiring prompt notice of any claim. The Supreme Court denied the motion. We reverse.

The defendants demonstrated that the first notice they received of the accident was by the letter dated August 17, 2006, and that they disclaimed coverage in the letter dated August 30, 2006. They further demonstrated that the first notice they received of the plaintiff's claim was the summons and complaint filed August 18, 2008, which they appear to have received on September 5, 2008, and that they disclaimed coverage in their answer. Neither the August 17, 2006 letter nor the plaintiff's summons and complaint in this action set forth any excuse for the delay in notifying the defendants of the May 7, 2003 accident.

This was sufficient to make a prima facie showing that the delay in notifying the defendants of the claim, whether by way of the 2006 letter or the 2008 summons and complaint, was unreasonable as a matter of law and breached the condition prece-

dent in the policy requiring timely notification. Since the plaintiff did not offer any excuse for the delay, the defendants' timely disclaimer based on the delay in notifying it of the accident and/or claim vitiated any obligation they had under the policy they had with Guessford (*see Evangelos Car Wash, Inc. v Utica First Ins. Co.*, 45 AD3d 727 [2007]; *Gershow Recycling Corp. v Transcontinental Ins. Co.*, 22 AD3d 460, 461 [2005]; *City of New York v St. Paul Fire & Mar. Ins. Co.*, 21 AD3d 978 [2005]; *American Mfrs. Mut. Ins. Co. v CMA Enters.*, 246 AD2d 373 [1998]). Therefore, the defendants' motion should have been granted (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

The plaintiff's remaining contentions either are without merit, are improperly raised for the first time on appeal, or need not be addressed in light of this determination.

Since this is, in part, a declaratory judgment action, the matter must be remitted to the Supreme Court, Nassau County, for the entry of an appropriate judgment in accordance herewith (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Rivera, J.P., Florio, Belen and Austin, JJ., concur.