Order, Supreme Court, New York County (Marylin G. Diamond, J.), entered December 22, 2008, which, upon motions for summary judgment, insofar as appealed from, declared that plaintiff insurer (QBE) is not obligated to defend and indemnify defendant-appellant general contractor (Gangi) in an underlying action for personal injuries sustained by a worker (D’Ambrosi) on a construction site, unanimously affirmed, with costs.
QBE properly disclaimed coverage on the ground of late notice of the underlying accident. The subject insurance policy required Gangi, the insured, to give QBE notice of an occurrence as soon as reasonably practicable, and provided that “Knowledge ... by Your [i.e., Gangi’s] agent, servant or employee shall not in itself constitute knowledge of you unless the Corporate Risk Manager of Your corporation shall have received notice of such Occurrence.” The claimed lack of knowledge of *594 the accident on the part of Gangi’s Corporate Risk Manager did not relieve Gangi of the obligation to provide QBE with notice within a reasonable period of time, where Mr. Gangichiodo, Gangi’s president, vice-president, secretary and sole shareholder and officer, admitted contemporaneous knowledge of D’Ambrosi’s accident and the severity of his injuries. As Gangichiodo was an “executive officer” as defined by the policy, and not merely an “agent, employee or servant” of Gangi, his knowledge was properly imputed to Gangi and triggered its duty to notify QBE of the accident. Nor was Gangi’s failure to notify QBE of the accident until three years after its occurrence excusably based on a reasonable, good faith belief of nonliability (see Great Canal Realty Corp. v Seneca Ins. Co., Inc., 5 NY3d 742 [2005]), when Gangichiodo was aware that D’Ambrosi had sustained serious injuries and been removed from the scene by ambulance (see SSBSS Realty Corp. v Public Serv. Mut. Ins. Co., 253 AD2d 583 [1998]) and Gangi was subject to potential strict liability under the Labor Law (see Zadrima v PSM Ins. Cos., 208 AD2d 529, 530 [1994], lv denied 85 NY2d 807 [1995]). QBE’s disclaimer of coverage to Gangi, issued within two days of its discovery of the ground therefor, i.e., Gangi’s contemporaneous knowledge of the accident, was given “as soon as [wa]s reasonably possible” (Insurance Law § 3420 [d] [2]). Indeed, much of the complained of delay by QBE was attributable to Gangi’s delay in responding to QBE’s requests for information and the originally inaccurate information it gave QBE about when and how it first learned of the accident. Since QBE’s disclaimer of coverage addressed to Gangi was copied to D’Ambrosi’s counsel, it was effective as against D’Ambrosi even though no mention was made therein of D’Ambrosi’s own failure to give QBE timely notice (see Schlott v Transcontinental Ins. Co., Inc., 41 AD3d 339 [2007], lv denied 9 NY3d 817 [2008]). We have considered Gangi’s other arguments and find them to be unavailing. Concur—Gonzalez, P.J., Saxe, Catterson, McGuire and Acosta, JJ.