■ COUNTY OF ORANGE, Appellant, v RECLAMATION INC. OF KINGSTON et al., Respondents. [917 NYS2d 231]—

In an action for a judgment declaring that the defendants are obligated to defend and indemnify the plaintiff in an underlying personal injury action entitled Weed v County of Orange, pending in the Supreme Court, Orange County, under index No. 10124/06, the plaintiff appeals (1), as limited by its notice of appeal and brief, from so much of an order of the Supreme Court, Orange County (Lubell, J.), dated September 29, 2009, as granted the motion of the defendant Continental Casualty Company for summary judgment declaring that it was not obligated to defend and indemnify the plaintiff in the underlying action, and (2) from an order of the same court dated March 5, 2010, which granted the motion of the defendant Reclamation Inc. of Kingston for leave to reargue that defendant's cross motion for summary judgment declaring that it was not obligated to defend and indemnify the plaintiff in the underlying action, which was denied in the order dated September 29, 2009, upon reargument, in effect, vacated that portion of the order denying that cross motion, and thereupon granted that cross motion.

Ordered that the order dated September 29, 2009, is affirmed insofar as appealed from; and it is further,

Ordered that the order dated March 5, 2010, is affirmed; and it is further,

Ordered that the matter is remitted to the Supreme Court, Orange County, for the entry of a judgment declaring that the defendants are not obligated to defend and indemnify the plaintiff in the underlying action entitled *Weed v County of Orange*, pending in the Supreme Court, Orange County, under index No. 10124/06; and it is further,

Ordered that one bill of costs is awarded to the defendants.

In 2008, the County of Orange commenced this declaratory judgment action against Reclamation Inc. of Kingston (hereinafter Reclamation) and Continental Casualty Company (hereinafter Continental) for a judgment declaring that the defendants had a duty to defend and indemnify the County in a personal injury action brought by Shandi Weed against Reclamation and the County. The personal injury action arose from a single-vehicle accident on a county road maintained by the County.

The County had, in 1997, hired Reclamation to perform certain maintenance and repair work on the subject road. The County and Reclamation entered into a contract, for the work which required, inter alia, Reclamation to defend and indemnify the County for any damages or costs arising from Reclamation's work under the contract, and required Reclamation to procure liability insurance which named the County as an additional insured.

Approximately six years later and after the completion of the work by Reclamation, Weed allegedly was injured in an accident occurring as the result of ice or water accumulation on the road. Weed sued the County and, later, Reclamation. Reclamation's insurance carrier on the date of the accident was Continental.

Continental moved, and Reclamation and the County both cross-moved, for summary judgment in the declaratory judgment action. The Supreme Court, inter alia, granted Continental's motion, finding that the County had failed to notify Continental "as soon as practicable" of the occurrence, as was required, and, therefore, that Continental was permitted to, and did properly, disclaim coverage under the policy. The Supreme Court also denied Reclamation's cross motion and granted the County's cross motion, insofar as it held that Reclamation had a duty to defend and indemnify the County by virtue of the expansive indemnity provision contained within the parties' contract, and by virtue of the fact that the duty to defend is broader than the duty to indemnify.

Reclamation moved for leave to reargue its cross motion for

summary judgment. The Supreme Court granted Reclamation's motion for leave to reargue, upon reargument, in effect, vacated the determination denying the cross motion, and thereupon granted the cross motion, finding that the contractor's duty to defend is no greater than its duty to indemnify and, accordingly, since Reclamation was held not to be liable in the underlying personal injury action, Reclamation had no duty to defend the County in the underlying action. The County appeals from both orders. We affirm.

Continental established its prima facie entitlement to judgment as a matter of law by demonstrating that the County did not provide it with notice of the occurrence for more than three years after it became aware that the accident occurred (*see City of New York v St. Paul Fire & Mar. Ins. Co.*, 21 AD3d 978, 981-982 [2005]; *see also Hanson v Turner Constr. Co.*, 70 AD3d 641 [2010]; *Key Bank U.S.A., N.A. v Interboro Ins. Co.*, 65 AD3d 521 [2009]). In opposition, the County failed to establish that it had a good faith belief of nonliability sufficient to excuse its delay. Accordingly, the Supreme Court properly held that the notice given by the County to Continental was untimely.

The Supreme Court providently exercised its discretion in granting Reclamation's motion for leave to reargue its cross motion for summary judgment, and properly concluded that Reclamation was entitled to judgment as a matter of law. The Supreme Court correctly held that, since Reclamation is not an insurer, its duty to defend is no broader than its duty to indemnify (*see George v Marshalls of MA, Inc.*, 61 AD3d 925, 931 [2009]; *Bryde v CVS Pharmacy*, 61 AD3d 907, 908 [2009]; *Brasch v Yonkers Constr. Co.*, 306 AD2d 508, 510-511 [2003]). Therefore, since Reclamation had been found to be free from liability and the underlying personal injury action was dismissed insofar as asserted against Reclamation, the County was not entitled to indemnification from Reclamation and, accordingly, also was not entitled to a defense in the underlying action.

The County's remaining contentions are without merit.

Since this is a declaratory judgment action, the matter must be remitted to the Supreme Court, Orange County, for the entry of a judgment declaring that the defendants are not obligated to defend or indemnify the plaintiff in the underlying action (*see Lanza v Wagner*, 11 NY2d 317 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Florio, J.P., Dickerson, Chambers and Lott, JJ., concur.