■ TOWER INSURANCE COMPANY OF NEW YORK, Respondent, v NEW WOK HING TRADING, INC., et al., Defendants, and ZENG-FEI JIANG et al., Appellants. [933 NYS2d 717]—

On June 6, 2007, the defendant Zeng-Fei Jiang (hereinafter Jiang) allegedly was injured when his hand was crushed while he was delivering and unloading refrigerated goods at a store owned and operated by the defendant New Wok Hing Trading, Inc. (hereinafter New Wok), and its sole officer and principal, the defendant Qi Chao Lin (hereinafter Lin). Both Jiang and Lin were present when the accident occurred. On September 12, 2007, Jiang and his wife, the defendant Xiu-Mei Dong (hereinafter Dong), suing derivatively, brought an action, inter alia, to recover damages for personal injuries against Lin and New Wok.

At the time of the accident, New Wok and Lin had a general commercial liability policy with the plaintiff, Tower Insurance Company of New York (hereinafter Tower). Although the policy required them to notify Tower of an accident or occurrence, or a resulting lawsuit, as soon as practicable, New Wok and Lin did not notify Tower until November 15, 2007, more than five months after the accident and over two months after commencement of the underlying action. Tower sent a letter dated December 3, 2007, to New Wok and Lin disclaiming coverage on the ground that notice was not timely, and thereafter commenced this action for a judgment declaring that it was not obligated to defend or indemnify them. Tower moved, inter alia, for summary judgment on the complaint declaring that it was not obligated to defend or indemnify them. Jiang and Dong op-

posed Tower's motion arguing, inter alia, that they made reasonably diligent efforts to ascertain the identity of the insurer and that they subsequently provided Tower with timely notice. In the order appealed from, the Supreme Court, inter alia, granted that branch of Tower's motion which was for summary judgment on the complaint. We affirm the order insofar as appealed from.

Insurance Law § 3420 (a) provides the injured party with an independent right to provide the insurer with notice of the accident in order to satisfy the notice requirement of the policy (*see Seneca Ins. Co. v W.S. Distrib., Inc.*, 40 AD3d 1068, 1069-1070 [2007]; *Steinberg v Hermitage Ins. Co.*, 26 AD3d 426, 428 [2006]). "[T]he injured party has the burden of proving that its attorney acted diligently in attempting to ascertain the identity of the insurer, and, thereafter, expeditiously notified the insurer" (*Seneca Ins. Co. v W.S. Distrib., Inc.*, 40 AD3d at 1070; *see Steinberg v Hermitage Ins. Co.*, 26 AD3d at 428).

Here, Tower established its prima facie entitlement to judgment as a matter of law by demonstrating that Jiang and Dong failed to provide any explanation for their more than five-month delay in ascertaining Tower's identity and notifying Tower of the accident (*see Seneca Ins. Co. v W.S. Distrib., Inc.*, 40 AD3d at 1070; *Steinberg v Hermitage Ins. Co.*, 26 AD3d at 427-428; *Trepel v Asian Pac. Express Corp.*, 16 AD3d 405, 406 [2005]). In response, Jiang and Dong failed to raise a triable issue of fact as to whether they diligently attempted to identify Tower (*see Seneca Ins. Co. v W.S. Distrib., Inc.*, 40 AD3d at 1070; *Steinberg v Hermitage Ins. Co.*, 26 AD3d at 427-428; *Trepel v Asian Pac. Express Corp.*, 16 AD3d at 406). Accordingly, the Supreme Court properly granted that branch of Tower's motion which was for summary judgment on the complaint.

The remaining contentions by Jiang and Dong are without merit.

We note that since this is a declaratory judgment action, the matter must be remitted to the Supreme Court, Queens County, for the entry of a judgment declaring that Tower is not obligated to defend and indemnify New Wok and Lin in the underlying action entitled *Jiang v Lin*, pending in the Supreme Court, Queens County, under index No. 23284/07 (*see Lanza v Wagner*, 11 NY2d 317 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Mastro, J.P., Chambers, Sgroi and Miller, JJ., concur. **[Prior Case History: 2010 NY Slip Op 31414(U).]**