Malone Jr., J.
Appeal from an order of the Supreme Court (Cahill, J.), entered February 24, 2011 in Sullivan County, which, among other things, granted plaintiffs’ cross motion for sum *1414 mary judgment declaring that defendant Arrowood Indemnity Company is obligated to indemnify plaintiffs on behalf of its insured.
In July 1999, plaintiff Debra Ann Kathloff allegedly sustained personal injuries when she slipped and fell on premises leased by defendant Casual Male, Inc. (hereinafter the insured). At the time of the accident, the insured maintained a policy of liability insurance issued by defendant Arrowood Indemnity Company (hereinafter defendant).[1] Notwithstanding its awareness of the accident, the insured failed to notify defendant. In 2001, plaintiff and her husband, derivatively, commenced a personal injury action against the insured and, shortly thereafter, the insured entered bankruptcy proceedings, thereby causing plaintiffs’ action to be stayed. In May 2004, a stipulation was entered that allowed plaintiffs to proceed against the insured’s liability insurance proceeds. In October 2004, plaintiffs sent a letter to defendant notifying it of the incident and their claims, and defendant disclaimed coverage on the ground that it had not been provided with prompt notice of both the incident and the action.
Plaintiffs ultimately obtained a default judgment against the insured and, following an inquest, they were awarded nearly $812,000 in June 2008. After plaintiffs demanded that defendant pay on the judgment and defendant refused, they commenced the instant declaratory judgment action, seeking to compel payment of the default judgment pursuant to Insurance Law § 3420 (a) (2). Following joinder of issue, defendant moved for summary judgment dismissing the complaint, arguing that neither the insured nor plaintiffs provided it with prompt notice of the accident and that it had properly disclaimed coverage as a result. Plaintiffs opposed the motion and cross-moved for summary judgment, arguing that defendant’s disclaimer of coverage was not effective against them. Finding that defendant’s disclaimer was not sufficiently specific to be effective against plaintiffs, Supreme Court granted plaintiffs’ cross motion for summary judgment. Defendant appeals.
“[A]n insurer has the right to demand that it be notified of any loss or accident that is covered under the terms of the insurance policy” (American Tr. Ins. Co. v Sartor, 3 NY3d 71, 75 [2004]). Here, defendant’s obligation to provide coverage for plaintiffs’ claims was expressly conditioned upon its receipt of timely notice of any incident or occurrence, as well as any legal action against the insured. While there is no dispute that the *1415 insured wholly failed to provide any notice to defendant, such failure does not sever plaintiffs’ right to make a claim against defendant, because Insurance Law § 3420 (a) (3) requires insurance companies to accept notice from an injured party (see 3 NY3d at 75; General Acc. Ins. Group v Cirucci, 46 NY2d 862, 863 [1979]). In such situations, the injured party bears the burden of demonstrating that it made reasonable efforts to identify the insurer and provide it with prompt notice. The reasonableness of these efforts is “ ‘measured by the diligence exercised by the injured party in light of the prospects afforded to him [or her] under the circumstances’ ” (Nationwide Mut. Fire Ins. Co. v Maitland, 79 AD3d 1348, 1351 [2010], quoting Jenkins v Burgos, 99 AD2d 217, 221 [1984]). “Absent a showing of legal justification, the failure to comply with the notice condition vitiates coverage” as to the insured and as to a party damaged by the acts of the insured (Seneca Ins. Co. v W.S. Distrib., Inc., 40 AD3d 1068, 1069 [2007]; see Jenkins v Burgos, 99 AD2d at 219).
In support of its motion, defendant presented evidence that, even though plaintiffs became aware in February 2003 that the insured had an applicable general liability insurance policy and, as of September 2003, that defendant was the entity that had issued such, plaintiffs did not provide notice to defendant until October 2004. As Supreme Court found, the burden thus shifted to plaintiffs to demonstrate that an issue of fact existed as to whether the delay was reasonable (see Seneca Ins. Co. v W.S. Distrib., Inc., 40 AD3d at 1070). In that regard, plaintiffs attribute the delay to the “unusually complicated facts and circumstances of this case” and a mistaken belief of their counsel that they were prevented from prosecuting the action against defendant due to the insured’s bankruptcy. However, it is well settled that an insured’s bankruptcy does not limit or diminish an insurer’s liability exposure to personal injury claims such as plaintiffs’ (see Insurance Law § 3420 [a] [1]). While “[t]he reasonableness of any delay and the sufficiency of the excuse offered ordinarily present questions of fact to be resolved at trial” (Allstate Ins. Co. v Marcone, 29 AD3d 715, 717 [2006], appeal dismissed 7 NY3d 841 [2006]), here we find that plaintiffs’ professed confusion regarding the applicable law to be insufficient as a matter of law to constitute a reasonable excuse for their delay in notifying defendant of the accident and their claims.[2] Under the circumstances presented here, it cannot be said that plaintiffs’ efforts to provide timely notice to defendant were reasonable.
*1416 Further, we disagree with Supreme Court that defendant’s disclaimer letter fails to apprise plaintiffs that defendant considered their notice to be untimely. Read as a whole, it is evident that defendant disclaimed coverage due to the fact that it considered the notice provided by plaintiffs — which defendant specifically noted was provided 38 months after the personal injury action was commenced — to be untimely and because the insured failed to provide it with any notice at all. Because defendant sent the disclaimer to the insured and sent a copy to plaintiffs, the disclaimer was effective against plaintiffs (see QBE Ins. Corp. v D. Gangi Contr. Corp., 66 AD3d 593, 594 [2009]; Schlott v Transcontinental Ins. Co., Inc., 41 AD3d 339, 340 [2007], lv denied 9 NY3d 817 [2008]).
Peters, P.J., Kavanagh, Stein and Egan Jr., JJ., concur. Ordered that the order is reversed, on the law, with costs, plaintiffs’ cross motion denied, motion by defendant Arrowood Indemnity Company granted, summary judgment awarded to said defendant and complaint dismissed against it.

. Apparently, Casual Male, Inc. was formerly known as J. Baker, Inc. and Arrowood Indemnity Company was formerly known as Royal & SunAlliance Insurance Company.

. Even assuming that we were to accept plaintiffs’ excuse of confusion regarding the bankruptcy proceeding, the stipulation expressly authorizing *1416 plaintiffs to proceed on their personal injury action against the insured’s insurance proceeds was entered into in May 2004, and plaintiffs proffer no explanation — other than continued confusion on the part of their attorney— for why they waited five more months before putting defendant on notice of the accident and their claims.