■ Om P. Soni et al., Respondents, v Robert L. Pryor et al., Appellants, et al., Defendant. [32 NYS3d 236]—

In an action to recover damages for legal malpractice, the defendants Robert L. Pryor, A. Scott Mandelup, and Pryor & Mandelup, LLP, appeal, as limited by their brief, (1) from so much of an order of the Supreme Court, Nassau County (Brown, J.), dated March 3, 2014, as denied that branch of their motion, made jointly with the defendant Anthony F. Guiliano, which was for summary judgment dismissing the

complaint insofar as asserted against them, and (2) from so much of an order of the same court entered June 4, 2014, as, upon reargument, adhered to its original determination in the order dated March 3, 2014, denying that branch of their motion, made jointly with the defendant Anthony F. Guiliano, which was for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the appeal from the order dated March 3, 2014, is dismissed, as the portion of the order appealed from was superseded by the order entered June 4, 2014, made upon reargument; and it is further,

Ordered that the ordered entered June 4, 2014, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

The plaintiffs retained the defendants Robert L. Pryor, A. Scott Mandelup, and Pryor & Mandelup, LLP (hereinafter collectively the appellants), to represent them in an action commenced against them by CIT Healthcare, LLC (hereinafter the CIT action). The CIT action included allegations that the plaintiffs, as directors and officers of several corporations, aided and abetted the corporations in committing acts of fraud and conversion. After the appellants withdrew as counsel for the plaintiffs, the plaintiffs commenced this action, alleging that the appellants had committed legal malpractice by failing to advise them that they had coverage for the CIT action under a "Directors and Officers" coverage section of an insurance policy issued by National Union Fire Insurance Company of Pittsburgh, Pa. (hereinafter National Union) to one of the corporate entities the plaintiffs controlled.

The appellants moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them. They asserted, among other things, that any failure on their part to advise the plaintiffs of the existence of insurance coverage did not proximately cause the plaintiffs any damages because a policy exclusion would have barred coverage with respect to the CIT action. The Supreme Court denied that branch of the motion and, upon reargument, adhered to that determination.

" 'In an action to recover damages for legal malpractice, a plaintiff must demonstrate that the attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession and that the attorney's breach of this duty proximately caused plaintiff to sustain actual and ascertainable damages' " (*Ginsburg Dev. Cos., LLC v Carbone*, 134 AD3d 890, 893 [2015], quoting *Rudolf*

*v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d 438, 442 [2007]). " 'To succeed on a motion for summary judgment, the defendant in a legal malpractice action must present evidence in admissible form establishing that the plaintiff is unable to prove at least one of these essential elements' " (*Ginsburg Dev. Cos., LLC v Carbone*, 134 AD3d at 893, quoting *Alizio v Feldman*, 82 AD3d 804, 804 [2011]).

Here, the Supreme Court correctly determined that the appellants failed to meet their prima facie burden of demonstrating that the plaintiffs could not prove the element of proximate cause due to a policy exclusion. "In construing policy provisions defining the scope of coverage pursuant to a policy of insurance, courts first look to the language of the policy, reading it in light of common speech and the reasonable expectations of a businessperson, and in a manner that leaves no provision without force and effect" (*Yeshiva Viznitz v Church Mut. Ins. Co.*, 132 AD3d 853, 854 [2015] [internal quotation marks and citation omitted]; *see Belt Painting Corp. v TIG Ins. Co.*, 100 NY2d 377, 383 [2003]; *Consolidated Edison Co. of N.Y. v Allstate Ins. Co.*, 98 NY2d 208, 221-222 [2002]; *ABM Mgmt. Corp. v Harleysville Worcester Ins. Co.*, 112 AD3d 763, 764 [2013]). " 'To negate coverage by virtue of an exclusion, [it] must [be] establish[ed] that the exclusion is stated in clear and unmistakable language, is subject to no other reasonable interpretation, and applies in the particular case' " (*Westview Assoc. v Guaranty Natl. Ins. Co.*, 95 NY2d 334, 340 [2000], quoting *Continental Cas. Co. v Rapid-American Corp.*, 80 NY2d 640, 652 [1993]).

The relevant exclusion, amended by endorsement 12, provides: "The Insurer shall not be liable to make any payment for loss in connection with any Claim made against any Insured . . . (a) arising out of, based upon or attributable to the committing of any criminal, fraudulent or dishonest act *if any final adjudication establishes that such criminal, fraudulent or dishonest act occurred*" (emphasis added). Moreover, the policy expressly provides that the insured will reimburse the insurer for advanced defense costs "in the event and to the extent that the Insureds or the Company shall not be entitled under the terms and conditions of this policy to payment of such Loss."

In light of the fact that the CIT action had not been finally adjudicated, and the plain language of the policy conditioning applicability of the cited exclusion on a "final adjudication establish[ing] that [a] criminal, fraudulent or dishonest act occurred," the appellants failed to demonstrate that the relevant exclusion clearly applied to preclude coverage with respect to

the CIT action, or, at the very least, that the exclusion was "subject to no other reasonable interpretation" (*Westview Assoc. v Guaranty Natl. Ins. Co.*, 95 NY2d at 340 [internal quotation marks omitted]; *see J.P. Morgan Sec. Inc. v Vigilant Ins. Co.*, 126 AD3d 76, 78 [2015]; *Dupree v Scottsdale Ins. Co.*, 96 AD3d 546 [2012]). Contrary to the appellants' contention, this Court's decision in *Tartaglia v Home Ins. Co.* (240 AD2d 396 [1997]) is not controlling, since the language of the professional liability policy at issue in that case, including the language of the relevant exclusion and that regarding the coverage afforded by the policy, was different from the language of the policy at issue in this case.

The appellants also failed to demonstrate, prima facie, that the plaintiffs could not establish causation because they declined to submit a claim to National Union when, approximately one year and two months after being served in the CIT action, they allegedly first discovered the potential for coverage. The appellants did not demonstrate that it will be impossible for the plaintiffs to establish that notice given to National Union at that time would not have complied with the condition precedent to coverage that the plaintiffs give notice of a claim "as soon as practicable" (*see e.g. 233 E. 17th St., LLC v L.G.B. Dev., Inc.*, 78 AD3d 930 [2010]; *Evangelos Car Wash, Inc. v Utica First Ins. Co.*, 45 AD3d 727 [2007]; *Gershow Recycling Corp. v Transcontinental Ins. Co.*, 22 AD3d 460 [2005]; *Trepel v Asian Pac. Express Corp.*, 16 AD3d 405 [2005]; *Pile Found. Constr. Co. v Investors Ins. Co. of Am.*, 2 AD3d 611 [2003]).

Accordingly, upon reargument, the Supreme Court properly adhered to its prior determination denying that branch of the appellants' motion which was for summary judgment dismissing the complaint insofar as asserted against them. Rivera, J.P., Balkin, Dickerson and Hinds-Radix, JJ., concur.