Burlington Ins. Co. v Pinnacle Demolition & Envtl. Servs. Corp. (2019 NY Slip Op 07563)





Burlington Ins. Co. v Pinnacle Demolition & Envtl. Servs. Corp.


2019 NY Slip Op 07563


Decided on October 23, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 23, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON, JJ.


2017-03531
2017-07909
 (Index No. 710838/16)

[*1]Burlington Insurance Company, appellant,
v
Pinnacle Demolition and Environmental Services Corp., respondent.


Soffer Rech & Borg, LLP, New York, NY (Michael A. Borg of counsel), for appellant.
Rabinowitz, Galina & Rosen, Mineola, NY (Gayle A. Rosen of counsel), for respondent.



DECISION & ORDER
In an action to recover unpaid insurance premiums, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Diccia T. Pineda-Kirwan, J.) entered March 20, 2017, and (2) an order of the same court entered June 20, 2017. The order entered March 20, 2017, denied the plaintiff's motion for summary judgment on the complaint. The order entered June 20, 2017, denied the plaintiff's motion for leave to reargue and renew its prior motion for summary judgment.
ORDERED that the appeal from the order entered June 20, 2017, is dismissed; and it is further,
ORDERED that the order entered March 20, 2017, is reversed, on the law, and the plaintiff's motion for summary judgment on the complaint is granted; and it is further,
ORDERED that the plaintiff is awarded one bill of costs.
The appeal from so much of the order entered June 20, 2017, as denied that branch of the plaintiff's motion which was for leave to reargue must be dismissed, as no appeal lies from an order denying reargument (see Empire Natl. Bank v Genard Group, Inc., 170 AD3d 959, 959; Gentry v Mean, 166 AD3d 583, 583). The appeal from so much of that order as denied that branch of the plaintiff's motion which was for leave to renew must be dismissed as academic in light of our determination on the appeal from the order entered March 20, 2017 (see Empire Natl. Bank v Genard Group, Inc., 170 AD3d at 959).
In this action, the plaintiff, Burlington Insurance Company, seeks to collect insurance premium adjustments that it claims are due to it under three successive commercial general liability insurance policies that the plaintiff issued to the defendant. The defendant, a demolition and environmental abatement company, disputes that there are additional premiums due and owing to the plaintiff. The defendant contends that pursuant to an asbestos exclusion endorsement contained in all three of the insurance policies, certain of the defendant's revenues should have been excluded [*2]from the plaintiff's premium adjustment calculations, but instead, were erroneously included. The endorsement exclusion states, in relevant part, that the policy does not apply to "[a]ny injury or damage' caused, in any manner, by asbestos, silica, asbestos dust or silica dust or any other similar fibrous or mineral substance in any form."
The plaintiff moved for summary judgment on the complaint, and the defendant opposed the plaintiff's motion, arguing that there was a triable issue of fact with regard to whether the plaintiff charged the defendant for risks that were excluded from the policy. The Supreme Court denied the plaintiff's motion, finding that there was ambiguity in the language of the subject endorsement, and as such, a question of fact with regard to the amount due and owing to the plaintiff.
The plaintiff established its prima facie entitlement to judgment as a matter of law by submitting the subject insurance policies, the audit statements, and an affidavit of its accounts receivable and collections manager (see Burlington Ins. Co. v Casur Corp., 123 AD3d 965, 965). These submissions demonstrated that, pursuant to an audit conducted after the expiration of the subject policies in accordance with the terms of the policies, the defendant owed an additional $114,964.28 in premiums (see id.; Evanston Ins. Co. v Powing Hong Food Mkt., Inc., 21 AD3d 333, 334).
In opposition, the defendant submitted its general ledger for one of the policy time periods, with the defendant's designations regarding the work to be excluded from the premium audit, based on the defendant's interpretation of the subject policy exclusion. The defendant's interpretation of the exclusion, that an entire subset of its business operations is not covered under its commercial general liability insurance, does not comport with the reasonable expectation of a businessperson in seeking commercial general liability insurance in the first instance (see Soni v Pryor, 139 AD3d 841, 843; Yeshiva Viznitz v Church Mut. Ins. Co., 132 AD3d 853, 854; see also Belt Painting Corp. v TIG Ins. Co., 100 NY2d 377, 383).
As such, we find no ambiguity in the policy exclusion with regard to whether the subject policies covered the defendant for the entirety of its business operations, including its asbestos abatement work. Accordingly, we reverse the order entered March 20, 2017, and grant the plaintiff's motion for summary judgment on the complaint.
RIVERA, J.P., ROMAN, MILLER and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court